James **HAYES, Jr., Plaintiff–Appellant,**

v.

**UNITED STATES POSTAL SERVICE and the United States of America, Defendants–Appellees.**

No. 87–3916
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 4, 1988.

John E. Galloway, New Orleans, La., for plaintiff-appellant.

Glenn K. Schreiber, John Volz, U.S. Atty., New Orleans, La., for defendants-appellees.

Before GEE, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

James Hayes, Jr., now retired, filed suit against the United States Postal Service (USPS) in the United States District Court for the Eastern District of Louisiana, alleging failure of the USPS to compensate him for a suggestion he had made pursuant to the USPS Employee Suggestion Program. The complaint alleged that jurisdiction existed because the United States was a defendant. The government filed a motion to dismiss asserting that subject matter jurisdiction was wanting and that service of process was insufficient.

Hayes' opposition to the government's motion stated that his cause of action was one for breach of contract and that jurisdiction was founded upon 28 U.S.C. § 1346(a)(2). Hayes supplemented his memorandum with a pleading in which he stated that 39 U.S.C. § 409(a), the Postal Reorganization Act, also provided a basis of jurisdiction.

The district court heard argument on the government's motion and gave the plaintiff 60 days to supplement his complaint. Hayes amended his original complaint to allege that both 28 U.S.C. § 1346(a)(2) and 39 U.S.C. § 409(a) provided the district court with jurisdiction. The amended complaint specifically alleged a breach of the employment contract between himself and the USPS.

■ The government filed a second motion to dismiss, arguing that the Contract Disputes Act (CDA), 41 U.S.C. § 601 et seq., had superseded the Postal Reorganization Act, and deprived the district court of jurisdiction over contract matters specified in the CDA. The district court again heard arguments on the government's motion. The court dismissed Hayes' action for lack of subject matter jurisdiction. Hayes filed his notice of appeal before the district court entered its final judgment. Such a premature notice of appeal is effective. Fed.R.App.P. 4(a)(2).

Section 409(a) of 39 U.S.C. provides that the district courts shall have original but not exclusive jurisdiction over all actions brought by or against the USPS. But Section 1346(a)(2) of Title 28, as amended by § 14(a) of the CDA, Pub.L. 95–563, provides that

the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978.

41 U.S.C. § 609(a)(1) is the codification of § 10(a)(1) of the Contract Disputes Act. It

provides that a government contractor may bring an action directly on his claim in the United States Claims Court as an alternative to taking it before the appropriate agency. The CDA specifically provides that the USPS is an executive agency within the scope of the statute. 41 U.S.C. § 601(2). If an implied contract arising out of the USPS Employee Suggestion Program is subject to the CDA, the district court is denied concurrent jurisdiction. Jurisdiction is found only in the Court of Claims.

Our search of the appellate reports indicates that the precise issue posed has not been decided. We first inquire whether Hayes' asserted contract with the USPS was part of an "employment contract" or, instead, was a contract separate from his employment. Hayes asserts that the Employee Suggestion Program and the rules promulgated by the USPS to implement it are part of the employment contract he had with the USPS. Such a holding would make the CDA inapplicable because his suit would be one based upon his employment.

Although authoritative holdings are lacking in the higher courts, it is usually assumed that government employment is not subject to the CDA since the employment relationship with the government is controlled in detail by other statutes. Perhaps the most succinct statement of the relationship between the federal employee and his or her employer is found in *Riplinger v. United States*, 695 F.2d 1163, 1164 (9th Cir.1983), in which Judge Kennedy, now Supreme Court Justice Kennedy, stated: "... [F]ederal employees serve by appointment, not by contract. Though a distinction between appointment and contract may sound dissonant in a regime accustomed to the principle that the employment relationship has its ultimate basis in contract, the distinction nevertheless prevails in government service." Judge Kennedy then goes on to rely upon the fact that the terms of the employment relationship are established by statute and regulation.

The case of *Griffin v. United States*, 215 Ct.Cl. 710 (1978), deals specifically and in detail with the suggestion box situation under federal law. The case involved the Air Force program. The Court of Claims in *Griffin* held that there were three requisites to establish an implied contract in the suggestion box milieu: (1) The Secretary of the Air Force must have published a procedure by which servicemen could submit a suggestion, and the suggestion could be evaluated; (2) a serviceman must have submitted a suggestion; (3) the suggestion must have been adopted and put into effect to the benefit of the Air Force. The court concluded that with three requisites having been met, an implied contract would arise. *Griffin*, 215 Ct.Cl. at 714. The USPS Employee Suggestion Program, like the suggestion program in *Griffin*, is authorized by statute. *Compare* 5 U.S.C. § 4503 with 10 U.S.C. § 1124. Thus, under *Griffin*, such a contract if it arises is not part of an "employment contract."

Second, the conclusion that the CDA applies to such an implied suggestion box contract follows logically. The CDA's coverage extends to express or implied contracts entered into by an executive agency for the procurement of property or of services. 41 U.S.C. § 602(a)(1)-(2). The CDA defines contractor as "a party to a Government contract other than the Government." 41 U.S.C. § 601(4). The broad definition of contractor under the CDA would include Hayes. The government could only cite traditional types of contractors, *i.e.*, businesses which contract with the government to provide specific services or goods. But these cases provide little guidance. Nor does the legislative history of the CDA lend aid. *See* Sen. Rep. 1118, 95th Cong. 2d Sess., 1978 U.S.Code Cong. & Ad. News 5235–5272.

■ Yet, it is inescapable that Hayes fits within the CDA's definition of contractor. The USPS's solicitation of suggestions under the Employee Suggestion Program constitutes the "procurement of services" under the CDA. The solicitation of suggestions to improve an agency's efficiency, when a responding suggestion is accepted, is the procurement of a service within the meaning of the statute. If appellant has a valid claim, it must be pursued under the

CDA and only in the U.S. Court of Claims. The Court of Claims has exercised jurisdiction in a number of suggestion box cases. *E.g. Griffin, supra; Shaller v. United States,* 202 Ct.Cl. 571, *cert. denied,* 414 U.S. 1092, 94 S.Ct. 723, 38 L.Ed.2d 549 (1973); *Serbin v. United States,* 168 Ct.Cl. 934 (1964); *Kempinski v. United States,* 164 Ct.Cl. 451, *cert. denied,* 377 U.S. 981, 84 S.Ct. 1889, 12 L.Ed.2d 749 (1964); *Martilla v. United States,* 118 Ct.Cl. 177 (1950).

The district court holding that appellant had not stated a cause of action within the jurisdiction of the district court was correct.

AFFIRMED.