928 F.2d 411
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James HAYES, Jr., Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 90-5110.
 United States Court of Appeals, Federal Circuit.
 Feb. 13, 1991.
 
 20 Cl.Ct. 150.
 AFFIRMED.
 Before MARKEY, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PAULINE NEWMAN, Circuit Judge.
 FRIEDMAN, Circuit Judge.
 
 
 1
 The appellant Hayes sought additional compensation from the United States Postal Service for an employee suggestion he submitted and the Postal Service adopted. The United States Claims Court dismissed the suit for lack of subject matter jurisdiction. We affirm the dismissal but on a different ground.
 
 
 2
 * Hayes, a retired employee of the Postal Service, submitted to the Post Office in New Orleans, where he then worked, a suggestion pursuant to the Postal Service's Employee Suggestion Program. The Postal Service adopted the suggestion and paid Hayes $104. Hayes contended that because the Postal Service thereafter had implemented the suggestion nationwide, he was entitled to additional money.
 
 
 3
 Hayes filed suit in the United States District Court for the Eastern District of Louisiana against the Postal Service and the United States for the additional amount. He alleged that, by failing to pay him the extra money, the Postal Service had breached the employment contract it had with him. On the government's motion, the district court dismissed the suit for lack of subject matter jurisdiction.
 
 
 4
 The Court of Appeals for the Fifth Circuit affirmed. Hayes v. United States Postal Service, 859 F.2d 354 (5th Cir.1988). The court rejected Hayes' contention that he had a contract with the Postal Service that was part of his employment contract. 859 F.2d at 356. The court then held that Hayes was a government "contractor" under the "broad definition of contractor" in the Contract Disputes Act of 1978, 41 U.S.C. Sec. 601(4) (1988) (CDA), and that the Postal Service's
 
 
 5
 solicitation of suggestions under the Employee Suggestion Program constitutes the "procurement of services" under the CDA. The solicitation of suggestions to improve an agency's efficiency, when a responding suggestion is accepted, is the procurement of a service within the meaning of the statute. If appellant has a valid claim, it must be pursued under the CDA and only in the U.S. Court of Claims.
 
 
 6
 859 F.2d at 356-57.
 
 
 7
 Hayes then filed the present suit in the Claims Court. The complaint stated that "this is a contract claim", and sought damages because the "defendant has failed to properly compensate the plaintiff under the United States Postal Service employee's suggestion program."
 
 
 8
 The Claims Court granted the government's motion to dismiss for lack of subject matter jurisdiction and dismissed the complaint. Hayes v. United States, 20 Cl.Ct. 150 (1990). The court first disagreed with the Fifth Circuit's holding that the Postal Service's Employee Suggestion Program constituted a "procurement of services" subject to the Contract Disputes Act. 20 Cl.Ct. at 153-54. It then held that Hayes' claim for additional compensation under the Employee Suggestion Program arose under the collective bargaining agreement that covered Hayes, and that "[j]urisdiction over labor/management claims does not exist within this Court, but rather in 'any district court of the United States having jurisdiction of the parties.' 39 U.S.C. Sec. 1208(b) (1982 & Supp. V 1987)." Id. at 156. Finally, the court ruled that Hayes had failed to follow the procedure for reevaluation of suggestions under the Employee Suggestion Program, and that, in any event, under that program the Management Awards Review Committee's decision on a request for reevaluation is "final." Id. at 157.
 
 II
 
 9
 Hayes' sole contention, which occupies one page of his six-page brief filed by counsel (the parties submitted the appeal without oral argument), is that the ruling of the Fifth Circuit that the Claims Court has "[j]urisdiction over this claim" "is the law of this case that jurisdiction lies in the U.S. Claims Court." He requests us to reverse the judgment of the Claims Court dismissing the claim and "allow James Hayes, Jr. to have a trial on the merits in the U.S. Claims Court."
 
 
 10
 We find it unnecessary to consider this contention, since a nonjurisdictional ground of the Claims Court's decision--that Hayes failed to comply with the procedure in the Postal Service Employee Suggestion Program providing for reevaluation of awards--which Hayes does not challenge, supports the Claims Court's judgment dismissing this suit. We review judgments, not opinions. See Stratoflex, Inc. v. Aeroquip Corp., 713 F.2d 1530, 1540, 218 USPQ 871, 880 (Fed.Cir.1983) ("We sit to review judgments, not opinions.").
 
 
 11
 The Suggestion Program Administrator's Guide, which describes in detail the Postal Service's Employee Suggestion Program, contains a section captioned "REQUESTS FOR REEVALUATION". It states that "[a]ction on a suggestion or an award is solely a management function; therefore, it is not subject to the formal grievance procedures. However, a suggester may request ... a reevaluation of an award amount for an adopted suggestion, provided the following criteria are met".
 
 It then provides:
 
 12
 All requests for reevaluation must be submitted to the MSC/BMC Suggestion Administrator, in writing, within 15 calendar days of receipt of management's final decision....
 
 
 13
 .............................................................
 
 
 14
 ...................
 
 
 15
 * * *
 
 
 16
 All decisions under this request for reevaluation process are final.
 
 
 17
 As the Claims Court pointed out, Hayes "has not indicated his compliance with this procedure, and even assuming his compliance, any decision rendered would be final." 20 Cl.Ct. at 157.
 
 
 18
 When Hayes submitted his suggestion to the Postal Service, he necessarily accepted the terms, conditions, and provisions of the Employee Suggestion Program. Two of those conditions were that if he were dissatisfied with the amount received for an accepted suggestion, he could seek reevaluation and that Management's decision on such reevaluation would be final. He does not state that he sought reevaluation, and even if he had done so, the Postal Service's action on reevaluation would have been final.
 
 
 19
 Hayes does not challenge the Claims Court's determination that his failure to utilize the reevaluation procedure bars him from judicially challenging the adequacy of the amount he received for his suggestion. That ruling supports the judgment of the Claims Court dismissing the complaint. We therefore affirm the judgment of dismissal on that ground.