**Robert HOEKEL, Appellant,**

v.

**PLUMBING PLANNING CORPORATION,
Appellee.**

No. 93–1648.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 16, 1994.

Decided March 29, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied May 13, 1994.

**840**

Raymond Howard, St. Louis, MO, argued, for appellant.

Mark G. Burns, Clayton, MO, argued, for appellee.

Before BOWMAN, HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Robert Hoekel appeals the District Court's[1] judgment dismissing for lack of subject matter jurisdiction his action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634 (1988 & Supp. IV 1992). We affirm.

Plumbing Planning Corporation (Plumbing Planning) hired Hoekel as a plumber-laborer. In his complaint Hoekel alleged that in 1990, when he was 53, Plumbing Planning fired him and replaced him with a 30–year–old worker. Within 180 days of the firing, Hoekel filed a charge of age discrimination with the Equal Employment Opportunity Com-

mission (EEOC). The EEOC determined that the evidence did not establish a violation of the ADEA and notified Hoekel of his right to sue. Hoekel alleged that Plumbing Planning was an employer within the meaning of the ADEA, which defines an "employer" as having "twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b). .

At trial, Hoekel presented Plumbing Planning's 1990 month-to-date report, which shows all of the company's employees for each month of 1990 and each employee's total hours worked and wages earned for each month. Edna Ross, co-owner of Plumbing Planning, testified that the report does not indicate whether twenty or more employees worked each day of twenty weeks in 1990, but that Plumbing Planning had more than twenty employees she considered to be full-time—*i.e.,* those who would work five days a week when work and weather conditions permitted. The District Court dismissed Hoekel's complaint for lack of subject matter jurisdiction, finding that the evidence presented failed to satisfy the definition of employer set forth in the ADEA. On appeal Hoekel argues that Plumbing Planning's 1990 month-to-date report, combined with Ross's testimony, proves that the company had twenty or more employees for each working day of twenty or more calendar weeks in 1990.

The burden of proving subject matter jurisdiction rests on Hoekel. *Nucor Corp. v. Nebraska Pub. Power Dist.,* 891 F.2d 1343, 1346 (8th Cir.1989), *cert. denied,* 498 U.S. 813, 111 S.Ct. 50, 112 L.Ed.2d 26 (1990). The month-to-date report does not prove that Plumbing Planning met the requirements of section 630(b). The report shows that for five months of the calendar year, Plumbing Planning employed twenty or more employees. Neither the report nor Ross's testimony, however, establishes that the employees worked each day of a work week for twenty weeks. Thus, Hoekel failed to meet his burden of proof.

**1.** The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

Accordingly, we affirm the judgment of the District Court.