[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Joseph Joo (Joo), commenced this action on February 21, 1990, against the defendants, Capitol Switch, Inc. CT Page 4569 (CS), and Richard Warren (Warren), its president, for Joo's alleged wrongful discharge from CS based on impermissible age discrimination. Joo's revised complaint, filed June 6, 1990, sounds in six counts and alleges the following facts.[1]
Joo was born on July 27, 1935, and began working for CS as a troubleshooter in October, 1962. He held several other positions with CS over a twenty-seven year period before he was discharged on May 16, 1988. Counts one and two are directed towards CS and Warren, respectively, and allege that CS, through Warren, improperly discharged Joo solely because of his age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621et seq.[2]
Count three is directed towards Warren and purports to allege a cause of action for malicious termination. Count four is directed towards CS and alleges a breach of an employment agreement "created by prior course of conduct at the company" for "sick pay" Joo claims to be entitled to. Counts five and six are directed towards CS and Warren, respectively, and appear to allege a cause of action for wrongful discharge in violation of public policy.[3]
Although the defendants initially admitted the paragraphs of Joo's complaint that alleged that CS had "twenty or more employees for each working day for more than twenty calendar weeks during 1987,"[4] necessary jurisdictional prerequisites for an ADEA claim, they filed a request for leave to amend their respective answers on February 16, 1996.[5] Accordingly, the defendants now deny the principal allegations that are necessary to confer jurisdiction over Joo's ADEA claims.
On March 6, 1996, as the parties were beginning jury selection for the trial in this matter, counsel for the defendants argued the instant "motion to dismiss and for partial summary judgment," contending that the court lacks subject matter jurisdiction over counts one and two of the complaint.[6]
Specifically, the defendants assert that Joo cannot maintain his ADEA claims because, they argue, CS did not employ twenty or more people in either the year that Joo was discharged or the previous year, as required by 29 U.S.C. § 623 for jurisdiction to lie in an age discrimination case. Although the defendants admit that there were more than twenty employees on the payroll records of CS during the relevant time periods, they argue that some of the persons on the payroll do not meet the statutory definition of CT Page 4570 "employee," set forth in 29 U.S.C § 630, and therefore cannot be considered when calculating the statutorily required number of employees for jurisdictional purposes. The defendants also argue that count two, directed towards Warren, is legally insufficient because there can be no individual liability on an ADEA claim.
In addition, the defendants seek summary judgment on the third count of the complaint, directed towards Warren, on the ground that "there is neither a cause of action for the manner of discharge, nor a discharge based on a false allegation of misconduct recognized in Connecticut." (Defendants' Memorandum, p. 2.) The defendants also seek summary judgment on counts five and six of the complaint on the ground that no cause of action exists for "wrongful discharge in violation of public policy" where the plaintiff has another remedy at law, such as the remedies provided by the ADEA. In support of the motion, the defendants attach the affidavit of Richard Warren which includes a tabulation of the employee payroll records for the years in question.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Citations omitted; emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531,544, 590 A.2d 914 (1991). "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Citations omitted; internal quotation marks omitted.) Federal Deposit Ins.Co. v. Hillcrest Associates, 233 Conn. 153, 172, 659 A.2d 138
(1995); Tolly v. Department of Human Resources, 225 Conn. 13, 29,621 A.2d 719 (1993). "A court has subject matter jurisdiction if it has the authority to hear a particular type of legal controversy. This jurisdiction relates to the court's competency to exercise power." (Citations omitted; internal quotation marks omitted.) Vincenzo v. Warden, 26 Conn. App. 132, 134-35,599 A.2d 31 (1991); see also Castro v. Viera, 207 Conn. 420, 427,541 A.2d 1216 (1988).
A motion for lack of subject matter jurisdiction may be made at any time; Practice Book § 142; and the issue, once brought to the court's attention, must be acted upon before the case can proceed. Gurliacci v. Mayer, supra, 218 Conn. 545 ("It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court. . . . CT Page 4571 [A]s soon as the jurisdiction of the court to decide an issue is called into question, all other action in the case must come to a halt until such a determination is made.").
The burden of proving subject matter jurisdiction rests on the employee who brings an ADEA action against the employer.Hoekel v. Plumbing Planning Corp., 20 F.3d 839, 840 (8th Cir. 1994); Lord v. Casco Bay Weekly, Inc., 789 F. Sup. 32, 33 (D. Me. 1992).
A. MOTION TO DISMISS COUNTS ONE AND TWO: JURISDICTION OVER ADEA CLAIMS
The defendants claim that Joo cannot maintain his ADEA claims because there were an insufficient number of employees working for CS to confer subject matter jurisdiction over those counts. Additionally, the defendants argue that Warren cannot be held personally liable in this action by virtue of the Second Circuit's decision in Tomka v. Seiler Corp., 66 F.3d 1295 (2d Cir. 1995).
1. Statutorily Required Number of Employees
 29 U.S.C. § 630 (b) defines an employer as "a person engaged in an industry affecting commerce[7] who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ."29 U.S.C. § 630. The "current" year is the year of the employee's termination; McGraw v. Warren County Oil Co., 707 F.2d 990,990 (8th Cir. 1983); in this case, 1988. Thus, the relevant years in this action are 1988 and the preceding year, 1987.
The only definition contained in 29 U.S.C. § 630 (f) for the term "employee" is that it "means an individual employed by any employer except . . . any person elected to public office in any State or political subdivision of any State . . . ."29 U.S.C. § 630 (f). Thus, this definition is not dispositive of the issue.
There appears to be a split of authority as to which of two methods should be used by a court to determine who constitutes an employee within the meaning of the ADEA for jurisdictional purposes. See EEOC v. Metropolitan Educational Enterprises, Inc.,60 F.3d 1225, 1229 (7th Cir. 1995), cert. granted, ___ U.S. ___ (1996) (noting split of authority). There is, however, no controlling Second Circuit or Connecticut Supreme Court case on CT Page 4572 the issue. As a preliminary matter, therefore, the court must decide which test is to be used to determine who is an employee for ADEA jurisdictional purposes.
The parties have stipulated that if the court adopts the first test (the "Zimmerman test"), the court will lack subject matter jurisdiction over the ADEA claims, and that if the court adopts the second test (the "payroll test") the court will have subject matter jurisdiction over those claims.
a. The Zimmerman Test
The test that the defendants urge this court to adopt is that applied by the Seventh and Eighth Circuits, as well as several federal district courts, sometimes referred to as the Zimmerman
test. Under this test, employees who are paid on an hourly basis are only counted for jurisdictional purposes if they are present at work on each day of the calendar week. EEOC v. MetropolitanEducational Enterprises, Inc., 60 F.3d 1225 (7th Cir. 1995), cert. granted, ___ U.S. ___ (1996); Hoekel v. Plumbing Planning Corp.,20 F.3d 839 (8th Cir.), cert. denied,115 S.Ct. 448, 130 L.Ed.2d 358 (1994); EEOC v. Garden and Associates, Ltd.,956 F.2d 842 (8th Cir. 1992); Zimmerman v. North American SignalCo., 704 F.2d 347 (7th Cir. 1983); Goudeau v. Dental HealthServices, Inc., 901 F. Sup. 1139 (M.D. La. 1995); Richardson v.Bedford Place Housing Phase I Associates, 855 F. Sup. 366 (N.D. Ga. 1994); Lord v. Casco Bay Weekly, Inc., 789 F. Sup. 32, 33 (D. Me. 1992); EEOC v. Argent Industries, Inc., 746 F. Sup. 705 (S.D. Ohio 1989). These cases typically rely on the language "for each working day" within the text of § 630(b) in concluding that the Zimmerman test applies.
If the court were to apply this test, the parties agree that there would be no subject matter jurisdiction over Joo's ADEA claims because although there were more than twenty employees on CS's payroll for more than twenty weeks in 1988, some of those employees only worked part time and would not be counted under this test.
b. The Payroll Test
Joo urges this court to adopt the test used by the First and Fifth Circuits, as well as a number of federal district courts, known as the "payroll test." Under this approach, all employees — whether full or part-time — count towards the CT Page 4573 jurisdictional minimum as long as they were on the payroll for a particular week; whether the employee was present at work each day does not matter. See Vera-Lozano v. InternationalBroadcasting, 50 F.3d 67 (1st Cir. 1995); Thurber v. JackReilly's, Inc., 717 F.2d 633 (1st Cir. 1983), cert. denied,466 U.S. 904, 104 S.Ct. 1678, 80 L.Ed.2d 153 (1984); Armbruster v.Quinn, 711 F.2d 1332 (6th Cir. 1983); Dumas v. Town of MountVernon, Alabama, 612 F.2d 974 (5th Cir. 1980); Cohen v. S.U.P.A.,Inc., 814 F. Sup. 251 (N.D.N.Y. 1993); Gorman v. North PittsburghOral Surgery Associates, Ltd., 664 F. Sup. 212 (W.D. Pa. 1987);Musser v. Mountain View Broadcasting, Inc., 578 F. Sup. 229 (E.D. Tenn. 1984); Lynn v. JER Corp., 573 F. Sup. 17 (M.D. Tenn. 1983);Hornick v. Borough of Duryea, 507 F. Sup. 1091 (M.D. Pa. 1980);Pedreya v. Cornell Prescription Pharmacies, Inc., 465 F. Sup. 936
(D. Colo. 1979).[8] The courts that utilize the payroll method of counting employees generally look to the remedial nature of the ADEA and conclude that the statute is to be liberally construed.
Joo also argues in his memorandum of law that the EEOC advocates the use of the payroll test in its internal procedures. See Plaintiff's Memorandum in Opposition, Exhibits A and B: EEOC Memoranda dated April 20, 1990, and September 4, 1987.
This court finds that since none of the above-cited cases is binding on this court, and there is absence of appellate authority in this circuit, the reasoning of the courts adopting the payroll method are the most legally sound. In particular, the court is convinced that Congress, in enacting a remedial statute such as the ADEA, would not have intended a full-blown investigation into an employer's payroll records to determine which part-time employees were present on every working day for a two-year period. In short, the court concludes that the payroll method of counting employees for jurisdictional purposes is the proper one. Accordingly, the court concludes that it has jurisdiction over Joo's ADEA claims.
2. Warren's Personal Liability
The defendants next argue that the court should grant summary judgment in its favor[9] as to count two since there can be no personal liability on an ADEA claim, relying on Tomka v. SeilerCorp., 66 F.3d 1295 (2d Cir. 1995). Their position is meritorious. CT Page 4574
In Tomka, the Second Circuit held that an employer's agent may not be held individually liable under Title VII, notwithstanding the clear statutory language to the contrary.[10] The court noted that although normally the plain meaning of a statute is controlling, reading Title VII to confer individual liability on an employee for discriminatory acts would "produce a result demonstrably at odds with the intentions of its drafters." Id., 1313. The court noted that there was a split in the federal circuit and district courts about whether such individual liability could be imposed, but held that the remedial provisions of Title VII "lead us to conclude that Congress never intended to hold agents individually liable for violations of the Act."[11] Id., 1314.
This court is bound by the Second Circuit's interpretation of the federal age discrimination statute, and, accordingly, dismisses the second count which attempts to hold Warren individually liable for his alleged acts of illegal age discrimination against Joo. However, the cases the court has reviewed clearly indicate that CS will be held liable on a theory of respondeat superior for any such acts by Warren which Joo may be able to prove. In addition, the court makes no finding as to whether Warren might be held liable if it is otherwise shown that he is an employer for ADEA purposes. As pleaded, however, the allegations that Warren is individually liable for the alleged discriminatory acts cannot stand. Accordingly, summary judgment shall enter for the defendant on count two.
B. MOTION FOR SUMMARY JUDGMENT AS TO COUNTS THREE. FIVE AND SIX
As noted above, count three appears to allege a cause of action for "malicious termination," while the primary allegations of wrongful termination under common law appear to be contained in counts five and six. The court grants the motion for summary judgment as to count three since it fails to state a legally recognized cause of action, but denies the motion as to counts five and six.
While normally challenges to a pleading's legal sufficiency are brought to the court's attention by the procedural device of a motion to strike, courts have held that a motion for summary judgment may also be used to test a pleading's legal sufficiency."[12]
The defendants argue that although there may be a cause of CT Page 4575 action for wrongful discharge in violation of public policy, Joo has not sufficiently alleged the elements of such a cause of action. They argue that Joo's allegation in count three that he was "maliciously discharged" by Warren does not meet the criteria established by the court in Sheets v. Teddy's Frosted Foods, Inc.,179 Conn. 471, 474, 427 A.2d 385 (1980); namely, that for an employee to maintain an action for wrongful discharge, his discharge must be in violation of some important public policy. (Defendants' Memorandum, p. 11, citing Morris v. Hartford CourantCo., 200 Conn. 676, 679, 513 A.2d 66 (1986).) The defendants rely on Carbone v. Atlantic Richfield Co., 204 Conn. 460,528 A.2d 1137 (1987), and Morris v. Hartford Courant Co., supra, as cases rejecting wrongful discharge claims where no allegation of a public policy violation is present. As to count three, the defendants' argument is persuasive. However, as to counts five and six, Joo has sufficiently alleged a common law action for wrongful termination.
The defendants also argue that there can be no common law cause of action for wrongful termination where there exists an appropriate statutory remedy, such as the ADEA. They rely onAtkins v. Bridgeport Hydraulic Co., 5 Conn. App. 643, 648,501 A.2d 1223 (1985), in support of their position. In response, Joo argues that the Superior Courts are split on the issue of whether a party can maintain a common law action for wrongful discharge in violation of public policy where he has another statutory remedy.
The courts indeed seem to be split on this issue. See Lavaccav. K K Associates, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 537311 (January 30, 1996) (Wagner, J.) and cases cited therein. The court does note, however, that the Supreme Court of Connecticut expressed no limitation on the right to pursue a common law cause of action for wrongful discharge, other than the requirement that such discharge be in violation of some important public policy.
Therefore, defendants' motion for summary judgment as to counts five and six is denied. While the court in Sheets and in other subsequent cases does require that an allegedly wrongfully terminated plaintiff alleges that his discharge was in violation of some important public policy; Carbone v. Atlantic RichfieldCo., supra, 204 Conn. 468; Morris v. Hartford Courant Co., supra,200 Conn. 678-79; this court cannot say that the defendants' alleged conduct was not, as a matter of law, violative of public CT Page 4576 policy.
In particular, the court notes that Joo has alleged in counts five and six that Warren (1) requested Joo's assistance in implementing a policy to terminate the employment of all older employees at CS; (2) engaged in a campaign of harassment when Joo refused to participate; and (3) falsely accused Joo of "inciting his co-workers to walk off the job." While the Supreme Court has stated that termination without just cause is not actionable absent an allegation of violation of some important public policy; Morris v. Hartford Courant Co., supra, 200 Conn. 679 n. 2, citing Magnan v. Anaconda Industries, Inc., 193 Conn. 558, 572,479 A.2d 781 (1984); in this case Joo has alleged, and for these purposes his allegations are taken as true, that Warren requested Joo's assistance in terminating employees based on their age, a violation of the ADEA.[13] Based upon the evidence before the court, there exist issues of fact rendering summary judgment inappropriate as to counts five and six.
In conclusion, the defendants' motion to dismiss count one is denied, the motion for summary judgment as to counts two and three is granted, and the motion for summary judgment as to counts five and six is denied.