**TWIN CITIES AIR SERVICE, INC., Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

No. CIV. 02–06–P–H.

United States District Court, D. Maine.

April 17, 2002.

Peter M. Garcia, Skelton, Taintor & Abbot, Auburn, ME, for Plaintiff.

Evan Roth, Office of the U.S. Attorney, Portland, ME, for Defendant.

**ORDER ON MOTION TO DISMISS**

HORNBY, Chief Judge.

The Postal Service's motion to dismiss is GRANTED for lack of subject matter jurisdiction.

This is a lawsuit against the Postal Service seeking money damages for breach of contract. The plaintiff is proceeding under the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. §§ 601–13 (1994). Compl. ¶ 3. That statute vests exclusive jurisdiction in the United States Court of Federal Claims. 41 U.S.C. § 609(a)(1).[1] Although the First Circuit has not spoken on the issue, there has been abundant caselaw from other circuits debating whether this jurisdictional provision of the CDA supplants the pre-existing provision of the Postal Reorganization Act ("PRA"), 39 U.S.C. § 409(a) (1994), that otherwise placed jurisdiction in United States District Courts. *Compare Campanella v. Commerce Exchange Bank*, 137 F.3d 885, 890–91 (6th Cir.1998), *Kroll v. United States*, 58 F.3d 1087, 1092–93 (6th Cir. 1995), *A & S Council Oil Co. v. Lader*, 56 F.3d 234, 241–42 (D.C.Cir.1995), *United States v. J & E Salvage Co.*, 55 F.3d 985, 987–88 (4th Cir.1995), *and Hayes v. United States Postal Service*, 859 F.2d 354, 356–57 (5th Cir.1988), *with Wright v. United States Postal Service*, 29 F.3d 1426, 1429–31 (9th Cir.1994), *In re Liberty Construction*, 9 F.3d 800, 801–02 (9th Cir. 1993), *and Marine Coatings of Alabama, Inc. v. United States*, 932 F.2d 1370, 1377 (11th Cir.1991). *See also Licata v. United*

---

**1.** The Little Tucker Act, 28 U.S.C. § 1346(a)(2) (1994), granting concurrent jurisdiction in United States District Courts, does not apply because the plaintiff seeks more than $10,000.

*States Postal Service,* 33 F.3d 259, 264 n. 6 (3d Cir.1994) (discussing, in dicta, the relationship between the CDA and the PRA). Suffice it to say that the cases favoring the CDA are more persuasive, especially *A & S Council Oil Co. v. Lader,* 56 F.3d 234 (D.C.Cir.1995). Nothing would be gained by spilling more ink here.

So ORDERED.