**Kimberly J. GOODIN, Plaintiff,**

v.

**UNITED STATES POSTAL INSPECTION SERVICE, Defendant.**

No. Civ.03–4915 JNE/JGL.

United States District Court, D. Minnesota.

March 31, 2005.

Mark D. Kelly, Klemp & Stanton, P.L.L.P., St. Paul, MN, on brief, for Plaintiff Kimberly J. Goodin.

Patricia R. Cangemi, United States Attorney's Office for the District of Minnesota, Minneapolis, MN, on brief, for Defendant United States Postal Inspection Service.

## ORDER

ERICKSEN, District Judge.

This is an action brought by Kimberly J. Goodin against the United States Postal Inspection Service (USPIS) for fraudulent misrepresentation and breach of contract. The case is before the Court on USPIS's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or in the alternative for summary judgment,[1] and Goodin's motion to amend her Complaint. For the reasons set forth below, the Court grants in part and denies in part USPIS's motion and denies Goodin's motion.

## I. BACKGROUND

On December 7, 2001, the Coon Rapids Herald reported a string of recent robberies and published a sketch of the man suspected of committing the robberies. The article mentioned that because one of the robberies involved an assault on a postal worker, USPIS was offering a reward of up to $50,000 for information. After seeing the article on December 8, 2001, Goodin called the Coon Rapids Police Department that same day to provide information regarding the probable identity of the suspect. The suspect identified by Goodin later pled guilty to the robberies. Goodin claims that USPIS has refused to pay her any portion of the reward. On August 12, 2003, Goodin brought this action alleging claims of breach of contract and fraudulent misrepresentation.

## II. DISCUSSION

To properly dismiss an action for lack of subject matter jurisdiction, the challenging

---

1. USPIS, however, does not offer arguments in support of its motion for summary judgment and does not rely on matters outside of the pleadings. Accordingly, the Court considers USPIS's motion only under the framework of Rule 12.

party must successfully attack the complaint, either upon its face or upon the factual truthfulness of its averments. *See Osborn v. United States,* 918 F.2d 724, 729–30 (8th Cir.1990) (discussing the standards to be employed in determining a 12(b)(1) motion). "The burden of proving subject matter rests on [the plaintiff]." *Hoekel v. Plumbing Planning Corp.,* 20 F.3d 839, 840 (8th Cir.1994).

In ruling on a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, a court must accept the complaint's factual allegations as true and construe them in the light most favorable to the plaintiff. *Midwestern Mach., Inc. v. Northwest Airlines, Inc.,* 167 F.3d 439, 441 (8th Cir.1999); *Davis v. Hall,* 992 F.2d 151, 152 (8th Cir. 1993). The court will not dismiss the complaint unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Schaller Tel. Co. v. Golden Sky Sys., Inc.,* 298 F.3d 736, 740 (8th Cir.2002).

## A. Fraudulent misrepresentation

■ The Court first turns to Goodin's claim for fraudulent misrepresentation. USPIS asserts that pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671–80 (2000) (FTCA), and 28 U.S.C. § 1346(b), this Court lacks subject matter jurisdiction over Goodin's claim for fraudulent misrepresentation. The Court agrees. With regard to tort claims, the FTCA provides that a federal agency, regardless of its authority to sue or be sued, may not be sued in its own name. 28 U.S.C. § 2679(a). Instead, tort claims must be brought against the United States. *Id.* at §§ 1346(b), 2679(a). Here, fraudulent misrepresentation is a tort, and pursuant to 39 U.S.C. § 409, USPIS is a federal agency for purposes of the FTCA. Consequently, Goodin's claim against USPIS fails as a matter of law. Moreover, fraudulent misrepresentation is expressly exempted under the FTCA. 28 U.S.C. § 2680(h) (exempting "[a]ny claim arising out of ... misrepresentation [or] deceit"); *see United States v. Neustadt,* 366 U.S. 696, 699, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961) (citing with approval the Second Circuit Court of Appeal's conclusion in *Jones v. United States,* 207 F.2d 563, 564 (2d Cir.1953) that deceit, as used in § 2680(h), is equivalent to fraudulent misrepresentation). Thus, even if Goodin had properly named the United States as a defendant, Goodin's claim fails as a matter of law.

■ Nevertheless, in response to USPIS's motion, Goodin filed an untimely motion to amend her Complaint to add the United States as a defendant.[2] As discussed above, the addition of the United States to her Complaint would be futile, and the Court therefore denies Goodin's motion.[3] *See Hammer v. City of Osage Beach, Mo.,* 318 F.3d 832, 844 (8th Cir. 2003) (holding that leave to amend should be freely granted pursuant to Fed.R.Civ.P. 15(a) unless compelling reasons exist "such as ... futility of the amendment"); *United States ex rel. Gaudineer & Comito, L.L.P.*

---

**2.** Chief Magistrate Judge Lebedoff's December 1, 2003 pretrial scheduling Order set February 1, 2004 as the deadline for amending the pleadings or adding parties. Goodin filed her motion to amend seven months later, on September 2, 2004.

**3.** In addition to futility, the Court notes that there are sufficient alternate grounds to deny the motion to amend, including: Goodin's failure to direct the Court to any argument or reason in support of her motion; her delay of more than one year in moving to amend; the fact that discovery had been closed for several months; and the fact that USPIS had already filed its motion to dismiss based on her Complaint. *Cf. Hammer,* 318 F.3d at 844–45.

*v. Iowa,* 269 F.3d 932, 936 (8th Cir.2001) (noting that a court may deny a motion for leave to amend based on futility when the amended complaint fails to state a claim).

Accordingly, Goodin's claim for fraudulent misrepresentation fails—both for lack of subject matter jurisdiction with respect to USPIS and for failure to state a claim upon which relief can be granted with respect to the United States. The Court therefore grants USPIS's motion to dismiss with respect to Goodin's fraudulent misrepresentation claim.

### B. Breach of contract

■ Next, USPIS contends that Goodin's breach of contract claim fails as a matter of law because the USPIS regulations authorizing the issuance of rewards prohibit the creation of contractual obligations based on the submission of information in response to a reward offer. Specifically, USPIS relies on 39 C.F.R. § 233.2(c) (2000), which provides: "The decision as to whether a reward shall be paid and the amount thereof shall be solely within the discretion of the Chief Postal Inspector or his delegate and the submission of information or a claim for a reward shall not establish a contractual right to receive any award." According to USPIS, Goodin's contract claim fails because there could be no contract formation under this regulation.

In response, Goodin argues that USPIS misreads the regulation. Goodin contends that § 233.2(c) only applies to rewards offered in cases of fraud, not assault. Goodin asserts that instead, § 233.2(b) is the only provision relevant to an assault on a postal worker and it neither vests total discretion in the Postal Inspector nor prohibits the formation of contractual obligations.

The Court agrees with Goodin. Section 233.2(c) addresses information relating to "the detection of persons or firms who obtain, or seek to obtain, funds, property or services from the Postal Service based upon false or fraudulent activities, statements or claims." Here, the conduct underlying the issuance of the reward offer was an assault on a postal worker while he was delivering the mail. Accordingly, § 233.2(b)(1)(vii), which provides that "[r]ewards will be paid up to the amounts and under the conditions stated in Poster 296, Notice of Reward, for the arrest and conviction persons for ... (vii) Assault on postal employee" applies. Although § 233.2(b), General Provision 2, provides some discretion in the distribution of rewards, it does not provide the clear barrier to the formation of a contractual obligation relied upon by USPIS. Because this is the sole ground upon which USPIS bases its motion, the Court denies USPIS's motion to dismiss for failure to state a claim upon which relief can be granted.

Next, USPIS moves to dismiss Goodin's contract claim based on lack of subject matter jurisdiction. Assuming for the sake of this motion the existence of a contract, USPIS contends that this Court lacks subject matter jurisdiction pursuant to 28 U.S.C. §§ 1346(a)(2), 1491 and the Contract Disputes Act of 1978, 41 U.S.C. §§ 601–613 (2000) (CDA) because the contract at issue is one for the procurement of services. In response, Goodin asserts that this Court has jurisdiction under the Postal Reorganization Act, 39 U.S.C. §§ 101–5605 (2000) (PRA), and further argues that the contract at issue is one for information, not services.

■ The parties agree that the PRA waived sovereign immunity for the USPIS by including a "sue and be sued" clause which allowed USPIS to be sued in federal district courts. 39 U.S.C. § 401(1). In contrast, to provide a comprehensive system of remedies for resolving government contract disputes, Congress enacted the

CDA and thereby divested district courts of jurisdiction in matters under its purview. *See United States v. McDonnell Douglas Corp.,* 751 F.2d 220, 223 (8th Cir. 1984); 28 U.S.C. § 1346(a)(2). As such, claims involving certain government contracts must be brought in the Federal Court of Claims. 28 U.S.C. § 1346(a)(2). The CDA applies "to any express or implied contract ... entered into by an executive agency for ... the procurement of services." 41 U.S.C. § 602(a). The US-PIS is expressly included as an "executive agency" covered by the CDA. *Id.* § 601(2).

■ Thus, the determinative question before the Court is whether the implied contract at issue here is one for the procurement of "services." USPIS argues that this must be considered a contract for services. In support, USPIS relies on 39 C.F.R. § 233.2(b) General Provision 2, which provides that "the amount of any reward will be based on the significance of the *services* rendered." 39 C.F.R. § 233.2(b), gen. prov. 2 (emphasis added). To the contrary, Goodin contends that her providing information does not constitute a "service." In support, she relies on a reward receipt received by Andrew Lien, another informant, from USPIS. The receipt stated that the payment was "for information." However, Goodin fails to explain why a contract for the provision of information, specifically the identification of a suspect, does not constitute a service as delineated by § 233.2(b). If Goodin intends her argument to be that her purported contract with USPIS was a contract for "goods" and not for "services," then her argument is misplaced. *See Blacks Law Dictionary* 714 (8th ed.2004) (defining goods as "tangible or movable personal property other than money"); *see also* U.C.C. § 2–105(1) (1977) (" 'Goods' means all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid...."). Given this, the Court concludes that this implied contract for the submission of information constitutes a contract for "services."

Nonetheless, the Court recognizes that there is some dispute over whether the CDA is intended to apply to the contract, if it is a contract, at issue here. Both Goodin and USPIS address this concern by citing to inapposite case law. For her part, Goodin directs the Court to *La Strada Inn, Inc., v. United States,* 12 Cl.Ct. 110 (1987). In that case, the Federal Court of Claims (f/k/a United States Claims Court) held that a plaintiff's claim for lost profits based on an implied contract of fair dealing that arose upon the submission of a prospective contractor's bid with the government, was outside the purview of the CDA. *La Strada,* 12 Cl.Ct. at 114–15. Based on established precedent, the court reasoned that because an implied contract of fair dealing operates to define the way that the government must deal with the bidding process, it was not a contract for services. *Id.* at 115. Here, Goodin did not plead a claim for implied contract of fair dealing, but rather claims that an implied unilateral contract was formed when she responded to the reward offer.

USPIS cites to a number of cases that do not specifically support its position. For example, in *Hayes v. United States Postal Service,* 859 F.2d 354 (5th Cir.1988), the Fifth Circuit Court of Appeals affirmed the district court's conclusion that it lacked jurisdiction under the CDA for an employee's claim for implied breach of contract against the Postal Service for its failure to pay for services rendered in using an employee suggestion box. 859 F.2d at 355–56. Upon review of the case, the Court of Claims disagreed. *See Hayes v. United States,* 20 Cl.Ct. 150 (1990). The Court of Claims first noted the absence of

an independent statutory basis for the employee suggestion program and then reasoned that because the dispute stemmed from Hayes' status as an employee of the Postal Service, the PRA, not the CDA governed. *Id.* at 154–55.

The plain language of the CDA provides that the Federal Court of Claims has jurisdiction over "any express or implied contract ... entered into by an executive agency for ... the procurement of services." 41 U.S.C. § 602(a). In the absence of persuasive authority demonstrating that it has jurisdiction, the Court declines to depart from the statute. The Court therefore concludes that Goodin's claim against USPIS is subject to the CDA because her claim: (1) is founded upon an implied contract with an executive agency within the purview of 41 U.S.C. § 601(2) and 28 U.S.C. § 1346(a)(2); and (2) constitutes a contract for the procurement of services. Accordingly, the Court grants USPIS's motion to dismiss for lack of subject matter jurisdiction.

### III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. USPIS's motion to dismiss [Docket No. 19] is GRANTED IN PART and DENIED IN PART.

2. Goodin's motion to amend her Complaint [Docket No. 28] is DENIED.

3. Goodin's Complaint [Docket No. 1] is DISMISSED.

LET JUDGMENT BE ENTERED ACCORDINGLY.