**Mark A. KROLL, Plaintiff,**

v.

**UNITED STATES of America and United States Postal Service, Jointly and Severally, Defendants.**

**No. 92–CV–74289–DT.**

United States District Court,
E.D. Michigan, S.D.

Aug. 30, 1993.

Keith E. Moir, Dearborn Hts., MI, for plaintiff.

Francis L. Zebot, Asst. U.S. Atty., Detroit, MI, for defendants.

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

HACKETT, District Judge.

Defendants have filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6). For the reasons stated in this order, defendants' motion to dismiss under Rule 12(b)(1) shall be granted.

### I. FACTUAL BACKGROUND

Plaintiff Kroll is an employee with the United States Postal Service (USPS). In 1983, plaintiff submitted a formal suggestion to the Employee Suggestion Program. That same year, defendant USPS rejected Kroll's suggestion. In 1986, plaintiff submitted two other suggestions to the Suggestion Program which were also rejected. In 1991, five years after plaintiff's last suggestion had been re-

jected, plaintiff filed a Standard Form 95, the form used to make claims to the USPS, alleging that the USPS had implemented his suggestions without compensating him. When the USPS did not respond to plaintiff's claim within the required six-month period under 39 C.F.R. § 912.5 (1993), plaintiff filed his claim in this court.

Plaintiff's complaint seeks damages against defendants United States of America and USPS for allegedly implementing his suggestions without compensation under theories of breach of contract and unjust enrichment. Plaintiff claims jurisdiction exists under 39 C.F.R. § 912, which allows tort claims arising out of the activities of the Postal Service to be brought under the Federal Torts Claims Act (FTCA) 28 U.S.C. § 1346(b) (1993).

## II.  ANALYSIS

### A.  Nature of the claim.

In their motion to dismiss, defendants argue that plaintiff's claim does not sound in tort or contract, but is instead a labor relations dispute not cognizable under the FTCA.  In support of its motion, defendants point out that the USPS has established a labor relations framework modeled after the private sector that allows for collective bargaining over wages, hours, and conditions of employment.  39 U.S.C. §§ 1201–1209.  Defendants argue that compensation under the Employee Suggestion Program (ESP) is governed exclusively by the collective bargaining agreement.

■  The court agrees that the ESP is governed by the collective bargaining agreement because the ESP directly relates to wages and working conditions.  Article 19 of the collective bargaining agreement between the USPS and the American Postal Workers Union, AFL–CIO, provides that all "handbooks, manuals and published regulations of the USPS, that directly relate to wages, hours or working conditions" are incorporated into the collective bargaining agreement.

The ESP is incorporated into the collective bargaining agreement by way of the USPS Employee & Labor Relations Manual (ELM).  According to the ELM, the USPS encourages employees to submit suggestions.  Specifically, Section 633 provides:

633.11  It is the policy of the U.S. Postal Service to encourage its employees to contribute practical ideas which will improve the overall effectiveness of the Postal Service.  These ideas are to be promptly and decisively evaluated to ensure that their value is quickly realized.

633.12  The Employee Suggestion Program provides the method through which certain employee proposals are best processed.  It provides an easy and vital means of communication between employees and management.  It is not a substitute for channels which are prescribed by the organizational structure and is not to be used as a means for circumventing such normal channels.

*Id.*  The ELM also sets out guidelines for compensating employee suggestions at § 633.4.  Further, section 632 provides that any cash award is "in addition to regular salary and is considered income under federal tax laws."  The *Suggestion Program Administrator's Guide* also provides that cash awards for suggestions constitute income under the federal tax laws and that as such, taxes will be withheld from awards (Exhibit 11 of defendant's motion to dismiss at pg. 27).  It is clear that the ERM holds out the Suggestion Program as a formal working condition of postal employees by detailing the program, making cash awards for suggestions available, and treating awards as compensation.  As such, the ESP is governed by the collective bargaining agreement.

The facts presented in this action are closely analogous to those presented to the Claims Court in *Hayes v. United States,* 20 Cl.Ct. 150 (1990), *aff'd,* 928 F.2d 411 (Fed. Cir.1991).  In *Hayes,* plaintiff alleged that a contract between plaintiff and the USPS arose separately from his employment contract when the Postal Service accepted and implemented his suggestion which he had submitted to the ESP.  *Id.* at 152.  Plaintiff sued for breach of contract, alleging that the USPS failed to adequately compensate him for his adopted suggestion.  *Id.*  He originally filed his claim under the FTCA in district court, but the district court dismissed his

claim for lack of subject matter jurisdiction. *Id.* at 151. Plaintiff then filed his action in the United States Court of Claims under the Tucker Act. 28 U.S.C. § 1491. *Id.* The Tucker Act confers jurisdiction on the United States Court of Federal Claims for suits involving monetary claims founded on express or implied contracts with the United States. 28 U.S.C. § 1491(a)(1).

In *Hayes,* the Court of Claims also dismissed the claim for lack of jurisdiction. The court held that plaintiff's claim that the USPS failed to fully compensate him for suggestions made to the ESP did not raise a breach of contract claim at all, but rather raised a labor/management relations claim governed exclusively by the collective bargaining agreement. *Id.* at 155. The court noted that jurisdiction over a labor relations claim against the USPS would only be proper under 39 U.S.C. § 1208(b). *Id.* at 156.

■ Similarly, plaintiff's claim in the instant case is a labor relations dispute which is governed exclusively by the collective bargaining agreement. Plaintiff's complaint does not raise a genuine breach of contract or unjust enrichment claim; rather, plaintiff's grievance is with one of the conditions of his employment—the administration of the ESP. As such, plaintiff's allegation that jurisdiction lies under the FTCA is incorrect.

■ The FTCA does not waive the sovereign's immunity for employee relations disputes. Although the FTCA provides an expansive waiver of the sovereign's immunity, it does not represent a total waiver and it is aimed primarily at common law torts. *Garbarino v. United States,* 666 F.2d 1061, 1064 (6th Cir.1981) (*citing Dalehite v. United States,* 346 U.S. 15, 28, 73 S.Ct. 956, 964, 97 L.Ed. 1427 (1953)). Under the FTCA, 28 U.S.C. § 1346(b), the government has waived its sovereign immunity:

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person would be liable to the claimant in accord with the law where the act or omission occurred.

Section 2674 of the FTCA limits the sovereign's waiver of immunity with respect to "tort claims, in the same manner and to the same extent as a private individual under like circumstances." Under the clear language of the statute, labor relations disputes do not constitute tort claims cognizable under the FTCA. Thus, this court lacks subject matter jurisdiction over plaintiff's claim under the FTCA.

### B. *Preemption.*

■ Even if plaintiff's claim could be construed as a cognizable action under the FTCA, it would be barred by Congress's comprehensive legislation in the area of labor relations. The Postal Reorganization Act (PRA), 39 U.S.C. §§ 1001–1011, 1201–1209 (1993), governs labor relations disputes within the USPS and preempts plaintiff's claim under the FTCA. The PRA sets out a comprehensive scheme governing employee relations within the USPS. 39 U.S.C. §§ 1202–1209; *American Postal Workers Union, AFL–CIO v. United States Postal Service,* 940 F.2d 704 (D.C.Cir.1991). The PRA confers jurisdiction in the district courts of the United States for "suits for violation of contracts between the Postal Service and a labor organization representing Postal Service employees." 39 U.S.C. § 1208(b).

The PRA allows labor relations disputes involving postal employees to be uniformly and consistently resolved according to national standards. In contrast, under the FTCA, torts are construed with reference to common law torts according to state law. *See* 28 U.S.C. § 1346(b). Should postal employees be allowed to circumvent the PRA by litigating their labor relations disputes under the FTCA, Congress's purpose in establishing a national labor relations framework for postal workers would be severely undermined. *See* 39 U.S.C. §§ 1201–1209; H.R.Rep. No. 91–1104, 91st Cong., 2d Sess. 2, *reprinted in* 1970, U.S.C.C.A.N. 3649, 3662.

Although this circuit has not yet addressed the question of whether the PRA preempts labor relations disputes under the FTCA, the

court finds persuasive the reasoning of the Court of Appeals for the District of Columbia in *American Postal Workers Union,* 940 F.2d. 704 (D.C.Cir.1991). In that case, plaintiffs brought suit under the FTCA for retaliatory dismissal when they were dismissed after filing compensation claims. *Id.* at 706. The court affirmed the district court's order to dismiss the FTCA claim on the grounds that the PRA sets out a comprehensive scheme for addressing employment disputes which preempted any claim for retaliatory dismissal under the FTCA. *Id.* at 708. The court explained that preemption was proper because:

[t]his scheme for review of adverse employment decisions is the type of "narrowly tailored employee compensation scheme" that the Supreme Court has held "preempts the more general tort recovery statutes." *See Brown v. General Services Administration,* 425 U.S. 820, 834–835 [96 S.Ct. 1961, 1968–1969, 48 L.Ed.2d 402 (1976)]. Remedial statutes aimed at specific harms, like the Rehabilitation Act of 1973 and Title VII of the Civil Rights Act of 1964, by their terms supplement the PRA. [Citations omitted] A residual statute like the FTCA, however, cannot coexist with a comprehensive employment relations scheme. The PRA incorporates portions of the CSRA, an "elaborate remedial system that has been constructed step by step, with careful attention to conflicting policy considerations," *Bush v. Lucas,* 462 U.S. 367, 388 [103 S.Ct. 2404, 2416, 76 L.Ed.2d 648] (1983), (CSRA preempts Bivens action for retaliatory demotion), and we have no warrant to permit the appellants to use the FTCA as a means of circumventing it.

The court agrees with the court of appeals' analysis and finds it applicable to the instant case.

■ Plaintiff's argument that the ESP is not incorporated into the collective bargaining agreement because award decisions are reserved to management and are non-grievable, lacks merit. A matter may be covered by a collective bargaining agreement even though redress through the grievance process is unavailable. In *American Postal Workers Union,* the fact that decisions to terminate union probationary employees were reserved to management and were non-grievable under the collective bargaining agreement did not save the FTCA claim from preemption under 39 U.S.C. § 1208(b). *Id.* at 704. Similarly, plaintiff's claim seeking compensation under the ESP in this case is governed exclusively by the collective bargaining agreement. The fact that suggestion award decisions are limited to review by management and are non-grievable does not remove the ESP from the collective bargaining agreement.

■ To the extent that plaintiff's claim might fall under 39 U.S.C. § 1208(b), his claim must also fail. The Sixth Circuit has held that § 1208(b) is the analogue of § 301(a) of the Labor Relations Act, 29 U.S.C. § 185(a) (1993), and has consistently applied § 301 law to suits brought pursuant to 39 U.S.C. § 1208(b). *Bacashihua v. United States Postal Service,* 859 F.2d 402, 405 (6th Cir.1988) (*citing Lawson v. Truck Drivers, Chauffeurs & Helpers,* 698 F.2d 250, 255 (6th Cir.), *cert. denied,* 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983)). Under Section 301, it is

well established that when a collective bargaining agreement establishes a mandatory grievance procedure and grants the union the exclusive right to pursue claims on behalf of an aggrieved employee … the results obtained by the union are normally conclusive of the employee's rights under the agreement subject to limited judicial review.

*Id.* In other words, resort to the courts may only be undertaken in limited circumstances following exhaustion of grievance procedures. *DelCostello v. Teamsters,* 462 U.S. 151, 163, 103 S.Ct. 2281, 2289–2290, 76 L.Ed.2d 476 (1983). Jurisdiction does not lie under 39 U.S.C. § 1208(b) in this case because grievances with the ESP are limited to internal review by management, and all management decisions are final.

The USPS Handbook EL–605, *The Employee Suggestion Program,* and the USPS Handbook EL–601, *Suggestion Program Administrator's Guide,* clearly state that action on a suggestion award is solely a manage-

ment function not subject to the formal grievance procedures. *See Hayes*, 20 Cl.Ct. at 157. Specifically, the *Administrator's Guide* provides: "Since action on a suggestion or an award is solely a management function, it is not subject to the formal grievance procedures" (Exhibit 11 of defendant's motion to dismiss at pg. 15). The USPS Employee & Labor Relations Manual § 632.13 also states: "The employee understands that the award is based on the benefits of the contribution to USPS, as judged by management." Thus, it is clear that complaints with the ESP are not reviewable under the formal grievance procedure and are thus not subject to judicial review.[1]

## IV. CONCLUSION

Because plaintiff has no contractual right to challenge the ESP in federal court under the FTCA,

IT IS ORDERED that defendants' motion hereby is GRANTED and plaintiff's complaint hereby is DISMISSED for lack of federal jurisdiction.

---

**1.** In addition, plaintiff's claim would fail under 39 U.S.C. § 1208(b) because plaintiff has failed to comply with the six-month statute of limitations period for filing unfair labor practice charges in actions by an employee against its employer for breach of a collective-bargaining agreement. *DelCostello*, 462 U.S. at 170, 103 S.Ct. at 2293–2294.