Mark **KROLL**, Plaintiff–Appellant,

v.

**UNITED STATES of America and United States Postal Service, Defendants–Appellees.**

No. 93–2264.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 11, 1994.

Decided July 10, 1995.

---

Charles A. Butler, Trenton, MI (argued and briefed), for plaintiff-appellant.

Francis L. Zebot, Asst. U.S. Atty., Detroit, MI (argued and briefed), for defendants-appellees.

Before: JONES and BATCHELDER, Circuit Judges; BECKWITH, District Judge.*

---

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

PER CURIAM.

Plaintiff Mark Kroll is an employee of Defendant–Appellee United States Postal Service ("USPS"), and he is appealing the district court's dismissal of his case for lack of subject-matter jurisdiction. Kroll has alleged at various stages of this litigation that USPS's failure to compensate him for use of his suggestion, as required by the USPS Employee Suggestion Program ("ESP"), gave rise to various causes of action including breach of contract, unjust enrichment, and tortious conversion of his ideas without just compensation. We find that the ESP is a working condition governed by the collective bargaining agreement between the American Postal Workers' Union ("APWU") and USPS. We further find that the Postal Reorganization Act ("PRA"), which governs the collective bargaining agreement, provides a comprehensive scheme for employment relations within USPS, and as such it preempts recourse to other possible statutory bases for federal district court jurisdiction over Kroll's claims. Additionally, we find that because the ESP mandates that the reevaluation decisions of the Management Awards Review Committee are final, the district court correctly determined that it was without jurisdiction to hear the case. We **AFFIRM** the decision of the district court.

## I.

During the time of his employment with USPS, Kroll has at all times been a member of the bargaining unit represented by APWU. In chapter 12 of the PRA, 39 U.S.C. §§ 1201–1209, Congress has given postal employees rights to bargain collectively over their wages, hours, and working conditions through collective bargaining representatives.

The ESP is an employee suggestion program by which USPS employees can make suggestions to management for increased efficiency in postal service operations, and if a suggestion is actually adopted and results in savings to the USPS, the employee is compensated for the use of the idea. The official policy document for the ESP is the USPS Employee & Labor Relations Manual ("ELM"). Handbook EL–601, Suggestion Program Administrator's Guide ("Administrator's Guide"), sets forth the ESP in detail, and notes that it is intended to serve as a basic reference document for the ESP. The Administrator's Guide states that should a discrepancy between the Administrator's Guide and the ELM ever arise, the ELM is to prevail.[1] The Administrator's Guide explains that "[a]ction on a suggestion or an award is solely a management function; therefore, it is not subject to formal grievance procedures." The ESP does include a reevaluation process: a suggester may request reevaluation of a suggestion that has not been adopted as long as the suggester (1) submits new material; (2) takes a new approach; or (3) clarifies significant issues or questions. The suggester must submit the request for reevaluation within fifteen days of receipt of management's rejection. The Administrator's Guide states that "[a]ll decisions under this request for reevaluation process are final."

On January 11, 1983, Kroll submitted a suggestion under the ESP, which was rejected on February 23, 1983. On January 26, 1986, and November 23, 1986, Kroll again submitted suggestions which were rejected on February 28, 1986, and September 15, 1987, respectively. Kroll explains that because he did not have any different information at the time of these rejections, he did not seek reevaluation of any of his suggestions. Kroll alleges that in early 1990 he discovered that the USPS was in fact using his rejected ideas. In 1991, Kroll submitted new versions of his old ideas, and when they were rejected, he submitted them for reevaluation. They were again rejected, and thereafter Kroll submitted a Standard Form 95, the form used for administrative claims under the Federal Tort Claims Act ("FTCA"), demanding $8,602,200.00 in damages because of the rejection of his suggestions.

---

1. The ESP is also addressed in Handbook EL–606, Supervisor's Guide to Employee Suggestion Program, which is intended to explain the ESP to supervisors and to help them fulfill their responsibilities under the program, and in Handbook EL–605, The Employee Suggestion Program, which is available for employees who want a brief explanation of the program.

On July 28, 1992, pursuant to the FTCA, 28 U.S.C. § 2675(a), Kroll filed the complaint in this case.[2] He brought suit against both the United States and the USPS, alleging that USPS's actions constituted a breach of contract and the "tort of unjust enrichment." He implicitly claimed that the district court had jurisdiction pursuant to the FTCA.[3] On April 30, 1993, Defendants moved for dismissal under either Federal Rule of Civil Procedure 12(b)(1) or (6), or alternatively for summary judgment. On August 30, 1993, the district court granted Defendants' motion on the grounds that the court lacked subject matter jurisdiction to hear the case. *Kroll v. United States*, 832 F.Supp. 199 (E.D.Mich. 1993). Kroll appealed to this court.

## II.

■■■ This court reviews the district court's dismissal of Kroll's claims for lack of subject matter jurisdiction *de novo. Greater Detroit Resource Recovery Auth. v. EPA*, 916 F.2d 317, 319 (6th Cir.1990). "[E]very federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review.'" *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986) (quoting *Mitchell v. Maurer*, 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934)). Usually, when reviewing the grant of a motion to dismiss for lack of subject matter jurisdiction, this court is to construe the complaint liberally, and to take as true all uncontroverted factual allegations on the face of the complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Stevens v. Employer–Teamsters Joint Council No. 84 Pension Fund*, 979 F.2d 444, 455 (6th Cir.1992); *Ecclesiastical Order of the ISM of Am, Inc. v. IRS*, 725 F.2d 398, 402–03 (6th Cir.1984). "The issue is not whether a

plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Ecclesiastical Order*, 725 F.2d at 403. When this court reviews a motion to dismiss that mounts a factual attack on the court's subject-matter jurisdiction, it is not to presume that the factual allegations asserted in the complaint are true. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990).

## III.

The district court held that the ESP is governed by the collective bargaining agreement between APWU and USPS because the ESP directly relates to wages and working conditions. *Kroll v. United States*, 832 F.Supp. 199 (E.D.Mich.1993). Kroll argues that the ESP is not governed by the collective bargaining agreement and points to the Fifth Circuit's decision in *Hayes v. USPS*, 859 F.2d 354 (5th Cir.1988).

In *Hayes*, a former postal employee filed suit alleging that the USPS's failure to compensate him for ideas he had proposed pursuant to the ESP was breach of an implied employment contract between him and the USPS. The district court dismissed the action for lack of subject matter jurisdiction, and the Fifth Circuit affirmed. Despite the adverse result in *Hayes*, Kroll argues that the findings in *Hayes* support the view that the collective bargaining agreement does not govern the ESP.

■■■ In *Hayes*, the Fifth Circuit assessed whether the "implied contract arising out of the USPS Employee Suggestion Program" was part of Hayes' employment contract with the USPS, or instead was a contract separate

---

**2.** Section 2675(a) of Title 28 allows an individual to bring a claim of money damages against the United States for injury or loss of property caused by the negligence of a government employee acting within the scope of her employment only after the individual has first presented the claim to the appropriate federal agency and that agency has rendered a final decision on the claim. The failure of an agency to make a final decision of a claim within six months of its filing may be deemed as a final denial of the individu-

al's claim, and at that point the individual may bring his claim in federal court. 28 U.S.C. § 2675(a) (1988).

**3.** In his complaint, Kroll stated that he had "satisfied all requirements of 39 CFR, Part 912" prior to filing this suit. This provision contains the rules for filing an administrative claim with the USPS pursuant to the FTCA.

from his employment. The court found that the contract implied from the ESP was authorized by statute, and thus was not part of the employment contract. 859 F.2d at 356. We disagree.[4] We determine that 5 U.S.C. § 4503 does not authorize the USPS's ESP, and therefore it is not an appropriate basis on which to determine that Kroll's claims with regard to the ESP, whether contractual or tortious in nature, exist independently of his employment relationship with the USPS. Indeed, we find that the extent to which the PRA removed the USPS and its employees from the general provisions related to government organization and employees as expressed in Title 5 clearly illustrates the intent to make the PRA, as codified in Title 39, a comprehensive scheme governing the USPS and its employees.

■ We agree with the district court's determination that the ESP is incorporated into the collective bargaining agreement through the ELM which delineates the ESP. Article 19 of the collective bargaining agreement with APWU incorporates by reference all parts of postal handbooks, manuals, and regulations "that directly relate to wages, hours, or working conditions."

We find the United States Claims Court's decision in *Hayes v. United States*, 20 Cl.Ct. 150, 1990 WL 44327 (Cl.Ct.1990) (*"Hayes II"*)[5] to be a well-reasoned and persuasive opinion that clearly supports this view.[6] The Claims Court, disagreeing with the Fifth Cir-

cuit's conclusions, found that the ESP, and therefore Hayes' claims regarding the ESP, were "directly related to the labor/management relationship existing between the agency and the employee." *Id.* at 154. The Claims Court emphasized the comprehensive nature of the PRA. *Id.* at 153–56. The court determined that although the PRA does not explicitly mention employee suggestion programs, such programs infer benefit or compensation to employees and the PRA provides that all benefits and compensation are to be determined through collective bargaining. *Id.* at 154; *see* 39 U.S.C. § 1003(a). In addition, the court found that even though the collective bargaining agreement between APWU and USPS did not specifically mention the ESP, decisions of the Federal Labor Relations Authority suggested that the ESP was governed by the agreement. 20 Cl.Ct. at 155 (citing *National Fed'n of Fed. Employees, Local 541*, 12 F.L.R.A. 270 (1983) (proposal of employer to establish committee to design and administer incentive awards program was within scope of bargaining with local union representing employees); *National Fed'n of Fed. Employees, Local 1579*, 12 F.L.R.A. 600 (1983) (proposal regarding suggestion program was negotiable as it directly concerned conditions of employment of bargaining unit members)).

We hold that the collective bargaining agreement governs the ESP. The district court did not err in this determination.

4. In *Hayes*, the court inferred that the USPS's ESP is authorized by 5 U.S.C. § 4503, which provides that the head of a government agency may pay a cash award to an employee who by his suggestion contributes to the improvement of government operations. 5 U.S.C. § 4503 (1988). A closer reading of Title 5 of the United States Code, and of the Postal Reorganization Act, however, makes clear that the USPS's ESP is not authorized by 5 U.S.C. § 4503. Section 104 of Title 5 specifically exempts the USPS and the Postal Rate Commission from the definition of "independent establishment" for purposes of Title 5. 5 U.S.C. § 104 (1988). This in turn exempts both organizations from the definition of "Executive agency" for purposes of Title 5, see 5 U.S.C. § 105 (1988), and "agency" for purposes of 5 U.S.C. § 4503, see 5 U.S.C. § 4501 (1988). Additionally, 5 U.S.C. § 2105(e) states that "[e]xcept as otherwise provided by law, an employee of the United States Postal Service or of the Postal Rate Commission is deemed not an em-

ployee for purposes of this title." 5 U.S.C. § 2105(e) (1988). These exclusions of the USPS, the Postal Rate Commission, and their employees from the majority of the provisions of Title 5 were made as technical amendments within the PRA. *See* PRA, Pub.L. No. 91–375, § 6(c)(2), (4), 1970 U.S.C.C.A.N. (84 Stat. 719) 842, 911 (codified at 39 U.S.C. § 101 et seq.).

5. After the Fifth Circuit dismissed his claim, on the grounds that the United States Claims Court had exclusive jurisdiction over his claim, Hayes brought his claim in that court.

6. In an unpublished opinion, the Federal Circuit affirmed the Claims Court's decision on the grounds that Hayes had failed to utilize the ESP reevaluation procedure, and was thus barred from asserting his claims in court. *Hayes v. United States*, 928 F.2d 411 (Table), 1991 WL 16441 (Fed.Cir.1991).

## IV.

■ In his complaint, Kroll alleged breach of contract and unjust enrichment, and did not allege a clear basis for the district court's subject matter jurisdiction. In his reply to Defendants' motion to dismiss the action, he argued that he was asserting breach of contract and the "tort of unjust enrichment" against USPS, and that the suit against USPS was appropriate pursuant to 39 U.S.C. § 401(1).[7] On appeal, Kroll contends that this case was appropriately before the district court pursuant to 28 U.S.C. § 1346(b), which is part of the FTCA, and that the nature of his claim against USPS is for conversion of his idea without just compensation.

We have previously noted that after a district court has dismissed a case for lack of subject matter jurisdiction, "[t]his court is required to consider independently the question of jurisdiction and dismiss on its own motion if jurisdiction is lacking." *Jones v. Perrigan,* 459 F.2d 81, 83 (6th Cir.1972) (citing *Mansfield C. & L.M. Ry. v. Swan,* 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884)).

Kroll argues that the trial court erred in holding that comprehensive congressional legislation in the area of labor relations preempted his tort-based and contract-based claims. We find no error.

The district court held that the comprehensive labor relations scheme of the PRA preempted any tort-based claim that Kroll

might be able to argue was cognizable under the FTCA. We affirm and adopt the decision of the district court on this issue. *See* 832 F.Supp. at 202–03.

■ We also find that Kroll's breach of contract claim is preempted by the labor relations scheme of chapters 10 and 12 of the PRA. In so holding, we disagree with the Third Circuit's view that section 409(a) of Title 39[8] confers jurisdiction on the district court to hear such claims. *Licata v. USPS,* 33 F.3d 259 (3d Cir.1994). In *Licata,* Stephen Licata, a USPS employee, brought suit alleging that USPS had failed to make cash award payments to him as required by the ESP. The district court construed this as a claim for breach of contract, and dismissed the complaint for lack of subject matter jurisdiction based on its determination that section 409(a) did not provide an independent basis for jurisdiction. Furthermore, because the claim was a contract-based claim, the court held that jurisdiction was barred by the Tucker Act. The Third Circuit, in reversing this decision, declared that "[t]he fact that section 409(a) does not provide a cause of action or that Licata will not prevail on the merits is irrelevant to the district court's jurisdiction over the suit." 33 F.3d at 263. In reaching this conclusion, however, the Third Circuit declined to consider the USPS's argument that the district court was without jurisdiction because Licata's claim was an aspect of the collective bargaining agreement. *Id.* at 264 n. 7.[9] While we acknowledge the grant of jurisdiction provided

---

7. Section 401(1) of Title 39 states that USPS may "sue and be sued in its official name." 39 U.S.C. § 401(1) (1988). Courts have noted that this section is not an appropriate provision on which to base jurisdiction, but is in fact purely a waiver of sovereign immunity. Instead, courts have held that 39 U.S.C. § 409(a) speaks to jurisdiction. *See, e.g., Licata v. USPS,* 33 F.3d 259 (3d Cir.1994); *Continental Cablevision v. USPS,* 945 F.2d 1434, 1437 (8th Cir.1991).

8. Section 409(a) of Title 39 states:
   (a) Except as provided in section 3628 of this title, the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service. Any action brought in a State court to which the Postal Service is a party may be removed to the appropriate United States district court under the provisions of chapter 89 of title 28.

39 U.S.C. § 409(a) (1988).

9. The Third Circuit considered that the issue was one that was more appropriately decided as a motion for summary judgment because "[i]t appears that much of [the USPS's] argument rests on affidavits and exhibits introduced in the district court, as distinguished from the facts alleged in the complaint." *Id.* at 264 n. 7. This court has held, however, that when reviewing certain 12(b)(1) motions to dismiss, "a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990). We find that under this rationale, it was appropriate for the district court to consider the exhibits presented in the Defendants' Motion to Dismiss, in order to assess whether it had subject-matter jurisdiction over the case. *See Cooley v. United States,* 791

by section 409(a), we find that it does not confer jurisdiction over Kroll's claims concerning the ESP. We hold that Kroll's recourse in pursuing his grievance regarding the ESP is through the procedures provided by the collective bargaining agreement.

### V.

Lastly, Kroll argues that the district court erred in holding that because the management decisions with respect to his award under the ESP were final, his claim was not reviewable in district court. He contends that the court's holding is "ludicrous" because it "allow[s] the USPS to simply steal an idea and not compensate for it under their own rules." The fact that Kroll does not have immediate recourse to federal district court does not compel such a conclusion. The ESP is a negotiable instrument within the collective bargaining agreement between APWU and USPS. Currently, however, the ESP is not subject to review in federal court. We affirm and adopt the district court's decision on this issue. *See* 832 F.Supp. at 203–04.

### VI.

For the foregoing reasons, we affirm the decision of the district court.

F.Supp. 1294, 1298 (E.D.Tenn.1992), *aff'd sub nom. Myers v. United States*, 17 F.3d 890 (6th     Cir.1994).