101 F.3d 702
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sandra R. JOHNSON, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 96-1007.
 United States Court of Appeals, Sixth Circuit.
 Nov. 20, 1996.
 
 Before: KEITH, MERRITT, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Sandra R. Johnson, a pro se Michigan resident, appeals a district court judgment dismissing her complaint brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2675. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Johnson, a United States Postal Service (USPS) clerk, filed this action against the United States alleging that while she was employed at the USPS, her supervisor, Marie Schweitzer, harassed her and caused her severe emotional trauma. Some of the attachments to Johnson's amended complaint make reference to suspensions, work assignments, and being refused access to work. Johnson sought damages. The United States moved to dismiss or in the alternative for summary judgment. The district court granted summary judgment in favor of the defendant. This timely appeal followed.
 
 
 3
 Upon review, we conclude that the district court properly granted the defendant's motion for summary judgment for the reasons stated by that court. Johnson's FTCA claim is preempted by the Federal Employees Compensation Act (FECA), 5 U.S.C. § 8101, et seq. The FECA provides that the United States shall pay compensation for the disability of any employee resulting from personal injury sustained in the performance of his duty. 5 U.S.C. § 8102. This liability of the United States is exclusive and instead of all other liability of the United States, including any liability under a federal tort liability statute. 5 U.S.C. § 8116(c). The decision of the Secretary of Labor under the FECA is final and conclusive and is not subject to review by the court. 5 U.S.C. § 8128. Thus, because the allegations in Johnson's complaint clearly indicate that she is complaining of a work-related injury, her tort claim under the FTCA is preempted by the FECA.
 
 
 4
 Further, Johnson's challenge to personnel actions is preempted by the comprehensive personnel management provisions of the Civil Service Reform Act (CSRA). The "CSRA is a comprehensive statutory scheme which governs the administrative and judicial review of adverse personnel actions against federal employees." Jones v. Tennessee Valley Auth., 948 F.2d 258, 262 (6th Cir.1991). Congress intended the CSRA to function as the exclusive avenue for review of agency personnel actions. Ryon v. O'Neill, 894 F.2d 199, 204 (6th Cir.1990). The Postal Reorganization Act (PRA), 39 U.S.C. § 1001 et seq., includes a comprehensive labor law scheme modeled after private sector labor law. Kaiser v. United States Postal Service, 908 F.2d 47, 51 (6th Cir.1990), cert. denied, 498 U.S. 1025 (1991). The PRA has also incorporated by reference many provisions of the CSRA, including Chapter 75, relating to adverse employment actions. 39 U.S.C. § 1005(a)(1). Employees of the Postal Service who are subjected to adverse action, such as suspension, therefore, have administrative remedies prescribed in Chapter 75 of the CSRA. The comprehensive grievance procedures provided by the collective bargaining agreement and the CSRA are Johnson's exclusive avenues for challenging adverse personnel actions. "Congress adopted a comprehensive scheme for dealing with challenges to personnel actions of the Postal Service that does not include judicial review." Harper v. Frank, 985 F.2d 285, 289 (6th Cir.1993). Accord Kroll v. United States, 58 F.3d 1087, 1089 (6th Cir.1995). Thus, to the extent Johnson challenged adverse personnel actions such as warnings, suspensions, and work assignments in this action, her claims are preempted by the collective bargaining agreement and the remedies available under the CSRA. Because the PRA contains a comprehensive scheme of employment rights within the Postal Service, and because it contains no statutory right to judicial review, the district court had no jurisdiction over Johnson's claim.
 
 
 5
 Finally, the district court did not abuse its discretion when it declined to enter a default judgment against the United States. Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir.1974). There being no genuine issue as to any material fact, the district court properly granted the defendant's motion for summary judgment. Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995).
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.