**Patsy Marie RHOADES, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

No. C–1–95–1035.

United States District Court, S.D. Ohio, Western Division.

Nov. 21, 1996.

Lawrence Robert Fisse, Batavia, OH, for plaintiff.

Jan Martin Holtzman, Department of Justice, Cincinnati, OH, for U.S., U.S. Postal Service.

Richard John Schimpf, Butkovich, Schimpf, Schimpf & Ginocchio, Cincinnati, OH, Jan Martin Holtzman, Department of Justice, Cincinnati, OH, for Joseph P. Funican, DC.

## ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on Federal Defendants' motion to dismiss or, in the alternative, for summary judgment (doc. 3), Plaintiff's response (doc. 8), and Defendants' reply (doc. 12).

## BACKGROUND

This is a tort action brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, which is based on an incident arising from Plaintiff's employment with the United States Postal Service ("USPS"). Plaintiff filed this action against Defendants, the United States of America and the USPS (collectively "Federal Defendants") under the FTCA for invasion of privacy. Plaintiff also asserts claims of invasion of privacy and breach of patient-physician privilege against her physician Defendant Joseph P. Funican, D.C.

Plaintiff's claim of invasion of privacy arises out of an investigation by the USPS regarding an Injury Compensation Claim she filed. While Plaintiff was employed by the USPS as a postal clerk in Milford, Ohio, and represented by the American Postal Worker's Union, AFL–CIO ("APWU"), she was injured allegedly during the course of her employment. Plaintiff initially sought treatment for her injury from Defendant Funican.

Soon after her injury, Plaintiff filed an Injury Compensation Claim with the Department of Labor. The USPS investigated Plaintiff's Injury Compensation Claim to determine whether Plaintiff had filed a fraudulent claim; the USPS alleged she sought compensation for a non-work related injury. The investigation included a *subpoena duces tecum* issued under the authority of the Inspector General Act of 1978, Public Law 100–504, codified at 5 U.S.C.App. 3 § 6(a)(4). The subpoena was issued to Plaintiff's medical practitioner, Joseph P. Funican, D.C. As a result of the information obtained from Dr. Funican, Plaintiff was removed from her position for providing false information regarding an alleged on-duty injury claim.

Plaintiff's discharge from the USPS was the subject of a grievance under the provisions of the collective bargaining agreement ("CBA") between the USPS and the APWU. At the arbitration hearing, Plaintiff objected to the introduction of Dr. Funican's records by the USPS on the grounds of the physician-patient privilege. The arbitrator overruled Plaintiff's privilege claim and permitted the introduction of these medical records. At the time of Federal Defendants' motion to dismiss, the arbitrator had not reached a decision. (Pltf.'s Memo. Opp. at 4 n. 2 ("This issue has been raised before the Arbitrator in a grievance now pending concerning the discharge of Mrs. Rhoades from employment with the USPS.")).

In this action, Plaintiff alleges that the Federal Defendants' acquisition of her chiropractic records pursuant to this subpoena violated her "right of privacy."

Federal Defendants have moved for dismissal of this claim for lack of subject matter jurisdiction. Federal Defendants make several arguments why Plaintiff cannot state a claim under the FTCA: (1) Section 301 of the Labor Management Relations Act ("LMRA") preempts tort claims arising out of the employment relationship, (2) the Civil Service Reform Act ("CSRA") precludes the tort claim, and (3) the Postal Reorganization Act ("PRA") preempts attempts by postal employees to pursue labor disputes under the FTCA. Additionally, Federal Defendants argue, to the extent that Plaintiff is attempting to bring a constitutional tort claim against Federal Defendants, they are barred by sovereign immunity.

Plaintiff contends that (1) the tort claim is not based on the collective bargaining agreement ("CBA") and therefore is not preempted by § 301 of the LMRA, (2) that the claim is not based on "personnel actions" as defined in the CSRA and therefore is outside the scope of the CSRA, and (3) that the claim against Federal Defendants is not barred by sovereign immunity because the FTCA waived the sovereign immunity.

### STANDARD OF REVIEW

■■■ Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. Fed R.Civ.P. 12(b)(1); *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994). A facial attack challenges the pleading itself. On such an attack, the Court must take all material allegations in the complaint as true, and construe them in the light most favorable to the non-moving party. *Id.* (citing *Scheuer v. Rhodes,* 416 U.S. 232, 235–37, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90 (1974)).

■■■ A factual attack is a challenge to the factual existence of subject matter jurisdiction. "On such a motion, no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (internal citations omitted). In reviewing such motions, a district court has wide discretion to allow affidavits, documents, and even conduct a limited evidentiary hearing if necessary. *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir.1990). The district

court's factual findings, however, do not bind the Court in future proceedings, and "[t]he *res judicata* effect of a 12(b)(1) motion is ... limited to the jurisdictional issue." *Id.*

## DISCUSSION

The essence of Plaintiff's claim against Federal Defendants is that Federal Defendants acted improperly when they subpoenaed Plaintiff's medical records, pursuant to their investigation of her on-duty injury claim. Federal Defendants claim that their actions were authorized by a provision in the Postal Service Employee and Labor Relations Manual ("ELM"), which provides that "the USPS may investigate the circumstances surrounding an injury to an employee and the extent of the disability ..." Section 545.545 (Acker Dec. ¶ 7, Ex. 1, 1–8).

Federal Defendants argue that Plaintiff's FTCA claim is preempted by the Postal Reorganization Act ("PRA"). *See* 39 U.S.C. §§ 1001–1011, 1201–1209. Plaintiff does not address the PRA preemption argument directly. Rather, Plaintiff contends that although the CBA provides for grievance-arbitration procedures for certain violations of the CBA, her claim does not fall under this scheme because it is not a dispute relating to "wages, hours and conditions of employment."

It is undisputed that, at all relevant times, Plaintiff was represented by the APWU during her employment with the USPS. Congress has given postal employees the right to bargain for their wages, hours and working conditions through collective bargaining representatives through Chapter 12 of the PRA. 39 U.S.C. §§ 1201–1209; *see also Kroll v. U.S.*, 58 F.3d 1087, 1089 (6th Cir.1995). The CBA between USPS and the APWU sets forth the procedures for members of the collective bargaining unit to bring a grievance. Article 15, Section 1. (Acker Dec. ¶ 7, Ex. 1). Further, Article 19 of the CBA provides

> Those parts of all handbooks, manuals and published regulations of the Postal Service, that directly relate to wages, hours or working conditions, as they apply to em-

ployees covered by this Agreement, shall contain nothing that conflicts with this Agreement, and shall be continued in effect except that the Employer shall have the right to make changes that are not inconsistent with this Agreement and that are fair, reasonable, and equitable.

(*Id.* at ¶ 8). "Article 19 of the collective bargaining agreement with APWU incorporates by reference all parts of postal handbooks, manuals, and regulations 'that directly relate to wages, hours or working conditions.' " *Kroll*, 58 F.3d at 1091. The ELM, which contains the provision entitled Injury Compensation Program and Section 545.545, is one of the USPS manuals incorporated into the CBA. (Acker Dec. at ¶¶ 9, 10); *see Kroll*, 832 F.Supp. 199, 201 (E.D. Mich.1993), *aff'd*, 58 F.3d 1087 (6th Cir.1995) (Employee Suggestion Program section of the ELM is incorporated into CBA between USPS and APWU); *Licata v. U.S.P.S.*, No. 93–1386, 1995 WL 138940 at *1 (D.N.J. Mar. 14, 1995) ("ELM is incorporated into CBA between USPS and APWU."), *aff'd*, 85 F.3d 612 (3d Cir.1996).

Disputes regarding a CBA between the USPS and the APWU are governed by the PRA. *See* 39 U.S.C. §§ 1202–1209; *American Postal Workers Union, AFL–CIO v. United States Postal Service*, 940 F.2d 704, 708 (D.C.Cir.1991); *Kroll v. U.S.*, 832 F.Supp. at 202 ("The PRA sets out a comprehensive scheme governing employee relations within the USPS."). "The PRA confers jurisdiction in the district courts of the United States 'for suits for violation of contracts between the Postal Service and a labor organization representing Postal Service employees.' " *Kroll*, 832 F. Supp at 202 (citing 39 U.S.C. § 1208(b)).

Under the PRA, "[s]uits for violation of contracts between the Postal Service and a labor organization representing Postal Service employees, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy." 39 U.S.C. § 1208(b).[1] The PRA incorporates both the

---

1. Section 1208(b) "is the analogue of § 301 of the Labor Relations Act, 29 U.S.C. § 185(a)

CSRA and Federal Employees Compensation Act ("FECA"). *D'Antonio v. Runyon,* No. 93–3278, 1994 WL 622107, at *2 (E.D.Pa. Nov. 8, 1994); *Clark v. U.S.,* No. C–95–1775 MHP, 1996 WL 193844, at *2 (N.D.Cal. Apr. 3, 1996).

The comprehensive labor relations scheme of the PRA preempts any tort-based claim arguably cognizable under the FTCA. *Kroll,* 58 F.3d at 1092 (holding plaintiff's tort claim for "unjust enrichment" was preempted by PRA); *see American Postal Workers Union,* 940 F.2d at 708 ("A residual statute like the FTCA ... cannot co-exist with a comprehensive employment relations scheme."); *see also Saul v. U.S.,* 928 F.2d 829, 843 (9th Cir.1991) (finding federal employee's claim of invasion of privacy by opening of mail preempted by CSRA); *Rollins v. Marsh,* 937 F.2d 134 (5th Cir.1991) (holding claims for violation of right of privacy under state and federal common law preempted by CSRA).

In order to resolve the issue of whether Federal Defendants properly subpoenaed her medical records, one must construe and interpret the provision of the ELM which authorizes the USPS to investigate employee injury claims. Section 545.545 of the ELM authorizes the USPS to investigate those types of claims and is incorporated into the CBA. Therefore, we find that Plaintiff's claim is best characterized as a labor relations dispute which is governed by the CBA. Thus, the PRA preempts Plaintiff's tort claim, and this Court lacks subject matter jurisdiction over Plaintiff's FTCA claim.

## CONCLUSION

Accordingly, we GRANT Federal Defendants' motion to dismiss for lack of subject matter jurisdiction and DISMISS Plaintiff's complaint.

SO ORDERED.

---

(1993), and [the Sixth Circuit] has consistently applied § 301 law to suits brought pursuant to 39 U.S.C. § 1208(b)." *Kroll,* 832 F.Supp. at 203 (citations omitted). Section 301 preempts any state law claim, the resolution of which depends

---

on the meaning of the CBA. *Lingle v. Norge Division of Magic Chef, Inc.,* 486 U.S. 399, 405–06, 108 S.Ct. 1877, 1881, 100 L.Ed.2d 410 (1988); *DeCoe v. General Motors Corp.,* 32 F.3d 212, 216 (6th Cir.1994).