**CLEVELAND AREA LOCAL, AMER-ICAN POSTAL WORKERS UN-ION, et al., Plaintiffs,**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

**No. 1:96 CV 1520.**

United States District Court,
N.D. Ohio,
Eastern Division.

April 3, 1997.

David E. Roloff, Morris L. Hawk, Goldstein & Roloff, Cleveland, OH, for Plaintiffs.

Steven J. Paffilas, Michael Anne Johnson, Office of the U.S. Attorney, Cleveland, OH, for Defendant.

## MEMORANDUM OF OPINION AND ORDER

NUGENT, District Judge.

This matter is before the Court on Defendant's Motion to Dismiss Plaintiffs' Amended Complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) (Document # 20). For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED.

### Procedural History

Plaintiff, the Cleveland Area Local of the American Postal Workers Union, ("Cleveland

Area Local") represents a bargaining unit of United States Postal Service ("USPS") employees who work in and around the Greater Cleveland area. Plaintiff, American Postal Workers Union, ("APWU") is the certified collective bargaining representative for a bargaining unit of USPS employees. (The APWU and the Cleveland Area Local will be referred to collectively as the "Union"). Defendant USPS is the entity authorized by the United States Congress to deliver mail throughout the United States.

The APWU and USPS are parties to a nationwide collective bargaining agreement which outlines the terms and conditions of employment of the USPS employees represented by the APWU. The Cleveland Area Local and the USPS are parties to a Local Agreement, which supplements the APWU–USPS agreement and covers certain terms and conditions of employment for those employees in the bargaining unit represented by the Cleveland Area Local. The national agreement between APWU and USPS contains an arbitration clause that provides for the filing of grievances based on disagreements between the parties. Any work-related dispute is subject to resolution through the grievance arbitration procedure.

The contracts between the Union and Defendant and Defendant's Employee and Labor Relations Manual set forth the procedure to be followed when an employee is ill or injured and believes that he cannot work at all or cannot perform the job that he has been assigned. In that instance, the employee must give his supervisor a medical report from his physician detailing his condition and stating the physician's opinion regarding whether the employee is able to work or is only able to perform a limited work assignment. Defendant can then accept the physician's recommendation or have the employee take a fitness for duty exam from a physician hired by Defendant. If the results of the fitness for duty exam differ from the opinion and recommendation of the employee's physician, the Defendant may decide which recommendation to follow. If the Defendant follows the fitness for duty exam recommendation instead of the recommendation of the employee's physician, it is up to the employee, with input from his physician and union representative, to determine whether he will follow the Defendant's decision. If he feels strongly that his physician's report is correct and the fitness for duty exam report is wrong, he can file a grievance and refuse to work pending resolution of the grievance/arbitration procedure. If the Defendant's conduct is determined to have violated the contracts, the arbitrator can award the employee relief to make him whole and such employee's health would not have been affected.

If the employee decides to abide by the Defendant's decision regarding his work capacity and return to work following the fitness for duty exam, the employee can still file a grievance regarding the Defendant's decision to follow the fitness for duty exam recommendation. The Union argues that the employee could become ill or aggravate his injury or illness at work before the grievance/arbitration process is completed if the employee follows this course. In such case, the Union contends that the arbitrator would be unable to make the employee whole because the arbitrator cannot restore the employee's health if Defendant's conduct is determined to have violated the contract.

Plaintiffs filed their Complaint on July 15, 1996, pursuant to § 1208(b) of the Postal Reorganization Act, 39 U.S.C. § 1208(b), to prevent the breach of a collective bargaining agreement. Plaintiffs also filed motions for a Temporary Restraining Order and for a Preliminary Injunction. A hearing was held on July 16, 1996, on Plaintiffs' Motion for a Temporary Restraining Order. Plaintiffs' motion was denied. Defendant filed a Motion to Dismiss the Complaint for lack of subject matter jurisdiction. On November 19, 1996, after all parties had briefed the Motion to Dismiss, but before the Court had ruled on the motion, Plaintiffs were granted leave to file an Amended Complaint. On December 6, 1996, Defendant again moved to dismiss the Amended Complaint for lack of subject matter jurisdiction. Defendant contends that this Court lacks subject matter jurisdiction because plaintiffs seek Court intervention in a labor dispute in violation of the Norris–LaGuardia Act, 29 U.S.C. § 101

*et seq.* Plaintiffs respond that the injunctive relief they seek fails within the *"Boys Markets"* exception to the Norris–LaGuardia Act, 29 U.S.C. §§ 101 *et seq.,* and thus, the Court has subject matter jurisdiction over this action.

## Law and Argument

### I. Legal Standard

■ In considering a Motion to Dismiss brought pursuant to Fed.R.Civ.P. 12(b)(1) mounting a factual attack upon the court's subject matter jurisdiction, this Court will not presume the allegations of fact in the complaint to be true. *Kroll v. United States,* 58 F.3d 1087, 1090 (6th Cir.1995); *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994). Rather, this Court will weigh the conflicting evidence to determine whether the proper jurisdiction exists. *See, RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1135 (6th Cir.1996); *Ohio Nat. Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir.1990). In weighing the evidence, a district, court has discretion to consider affidavits, documents outside the complaint, as well as conduct a limited evidentiary hearing, if necessary, to resolve disputed jurisdictional facts. However, at all times, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the subject matter. *See RMI Titanium, supra,* 78 F.3d at 1134; *Ohio Nat'l, supra,* 922 F.2d at 324; *Friedman v. United States,* 927 F.2d 259, 261 (6th Cir.1991).

The narrow issue before the Court is whether the Court has subject matter jurisdiction to enter an injunction in the labor dispute between the parties. The parties presented evidence during the hearing on Plaintiffs' Motion for a Temporary Restraining Order and the Court has permitted the parties to submit affidavits, exhibits and other evidence with their filings on Defendant's Motion to Dismiss the Amended Complaint.

Plaintiffs seek to enjoin Defendant from acting on the recommendation of the doctor performing fitness for duty exams regarding an employee's ability to work pending resolution of the grievance/arbitration process where the recommendation of the employee's doctor regarding the employee's ability to work differs from the recommendation of the fitness for duty exam doctor. Thus, Plaintiffs assert that the recommendation of the employee's doctor should control pending the outcome of arbitration. Defendant argues that the procedure set up in the collective bargaining agreements should control; that it is Defendant's prerogative under the agreements to follow whichever doctors' recommendation it deems proper. If the employee disagrees with the Defendant's decision, the Union can file a grievance in which the Defendant will participate, but pending the outcome of arbitration, the decision Defendant made regarding the employee's ability to work will control.

Under the Norris–LaGuardia Act, 29 U.S.C. §§ 101 *et seq.,* federal courts do not have jurisdiction to enter injunctions in labor disputes. The Supreme Court has recognized a narrow exception to Norris–LaGuardia's jurisdictional bar in *Boys Markets, Inc. v. Retail Clerks Union Local 770,* 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970), determining that federal courts have jurisdiction to enter injunctive relief in cases where such relief is necessary to aid in the enforcement of a mandatory grievance/arbitration process contained in a collective bargaining agreement. Thus, the Court has subject matter jurisdiction in this case only if the injunctive relief sought by Plaintiffs is necessary to aid in the enforcement of the mandatory grievance/arbitration provision contained in the collective bargaining agreements between the parties.[1]

### II. Plaintiffs' Amended Complaint

Plaintiffs' Amended Complaint contains one count claiming a breach of the collective

---

1. This inquiry is distinct from the question of whether Plaintiffs are entitled to a preliminary injunction pursuant to Fed.R.Civ.P. 65. It is unnecessary to hold an evidentiary hearing at this time to determine if Plaintiffs satisfy all of the elements necessary to obtain a preliminary injunction. The only issue that must be determined by the Court at this juncture is whether it even has jurisdiction to enter an injunction in these circumstances. Thus, our review is limited to the *Boys Markets* inquiry of whether the injunction sought by Plaintiffs is required to aid the arbitration process.

bargaining agreement. Plaintiffs allege that Defendant is violating its collective bargaining agreement with the Union and its own Employee and Labor Relations Manual by disciplining employees without cause, harassing ill and injured employees and ignoring the recommendations of employees' physicians. Plaintiffs assert that Defendant continues to engage in this conduct despite the filing of multiple grievances by the Union and is thus frustrating the purposes of the grievance arbitration provision in the collective bargaining agreement. Plaintiffs name five employees who were allegedly harassed or forced back to work over the recommendation of their treating physicians with respect to their illnesses or injuries. Two Union stewards are also named as having been disciplined by Defendant for filing claims and supporting some of the five employees previously named. Grievances were filed on behalf of all seven employees named in the Amended Complaint and are being pursued by the parties in accordance with the provisions of the collective bargaining agreement. Moreover, the propriety of the suspensions of the two union stewards is the subject of a charge submitted to the National Labor Relations Board (NLRB).

In their Amended Complaint, Plaintiffs request an Order adjudging that the Defendant's alleged violations of the collective bargaining agreement and its rules and regulations constitute grievances that are subject to arbitration which requires the Defendant to process the grievances in accord with the agreement; and, to comply with any arbitration decisions rendered thereon.[2] Further, Plaintiffs request that Defendant be enjoined from harassing, intimidating, or otherwise discriminating against employees who are injured or ill; from threatening or coercing employees into ignoring the limitations established by treating physicians; and, to require Defendant to honor the medical limitations established by an employee's treating physician.

## III. Subject Matter Jurisdiction

██ Defendant argues that this Court lacks jurisdiction over this action because the Norris–LaGuardia Act, 29 U.S.C. §§ 101 *et seq.*, prohibits the issuance of injunctions in labor disputes. Moreover, Defendant argues that this case does not fall within the narrow exception to the Norris–LaGuardia prohibition recognized by the Supreme Court in *Boys Markets, Inc. v. Retail Clerks Union Local 770*, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970).

In *Boys Markets* the Supreme Court concluded that the unavailability of equitable relief in the arbitration context presented a serious impediment to the congressional policy favoring the voluntary establishment of an arbitration mechanism for the peaceful resolution of labor disputes and held that the Norris–LaGuardia Act did not bar injunctive relief under the specific facts in *Boys Markets*. *Id.* at 253, 90 S.Ct. at 1594. The Court noted that its holding was a "narrow one" and dealt only with the situation in which a "collective-bargaining contract contains a mandatory grievance adjustment or arbitration procedure." *Id.* at 253, 90 S.Ct. at 1594. Thus, the Court held that the strike, in *Boys Markets* was properly enjoined because there was no dispute that the grievance was subject to adjustment and arbitration under the collective-bargaining agreement and that the employer was ready to proceed with arbitration at the time that an injunction against the strike was sought and obtained. *Id.* at 254, 90 S.Ct. at 1594.

In this case, the reverse of the *Boys Markets* situation exists, the Union seeks injunctive relief against an employer for alleged breaches of a collective bargaining agreement which allegedly undermine the effectiveness of the mandatory grievance–arbitration provisions contained in the collective bargaining agreement. Courts have extend-

---

**2.** Whether the disputes between the parties are subject to the mandatory grievance/arbitration provisions of the collective bargaining agreement is not an issue in this case. Defendant is participating in the grievance/arbitration process with respect to each alleged incident of harassment of an ill or injured employee. Since there is no dispute over whether these incidents are subject to the mandatory grievance/arbitration procedure contained in the collective bargaining agreement between the parties, an order adjudging that these incidents are subject to the grievance/arbitration procedure is unnecessary.

ed the *Boys Markets* exception to situations where an employer's breach of a collective–bargaining agreement undermines the integrity of the arbitral process. *See Aluminum Workers International Union AFL–CIO, Local Union No. 215 v. Consolidated Aluminum Corp.*, 696 F.2d 437 (6th Cir.1982); *International Union, United Automobile, Aerospace and Agriculture Implement Workers of America, UAW v. Lester Engineering Co.*, 718 F.2d 818 (6th Cir.1983).

Plaintiffs contend the alleged continued harassment by Defendant of ill or injured workers and its attempts to make them work according to the recommendation of the fitness for a duty physician over the recommendations of the workers' treating physician undermines the integrity of the arbitration process. Plaintiffs assert that the claimed harm caused by Defendant by its actions, *i.e.*, the aggravation of illnesses or physical injuries, cannot be remedied by an arbitrator. Thus, Plaintiffs claim, since arbitration cannot restore the status quo ante in an acceptable form if Defendant's conduct were found to be in violation of the agreement, an injunction preserving the status quo pending arbitration is required. *See, Columbia Local, American Postal Workers Union v. Bolger*, 621 F.2d 615 (4th Cir.1980).

Defendant submits that this situation does not fall within the *Boys Markets* exception both because the injunction sought is not in aid of the arbitration process, and the grievance/arbitration process has not been impaired by Defendant's conduct. Each alleged incident of harassment is being grieved pursuant to the collective bargaining agreement. Moreover, the incidents involving the union stewards are the subject of an unfair labor practice charge pending before the NLRB. The grievance/arbitration process has been started and should be allowed to work. Defendant asserts that the injunctive relief sought by Plaintiffs would effectively require the Court to intervene in any labor dispute and supervise the operation of the Postal Service.

Upon review of the relevant information presented this case, it is clear that this situation does not fall under the narrow *Boys Markets* exception to the Norris–LaGuardia Act's prohibition against granting injunctive relief in labor disputes. The conduct complained of by Plaintiffs is already subject to the grievance/arbitration process set forth in the collective bargaining agreement and those grievances are moving forward. The unfair labor charge involving the two union stewards is being addressed by the NLRB.

Moreover, if the grievance/arbitration process should conclude that Defendant's actions violate the agreement, appropriate relief can be given. Employees can be compensated for medical expenses, pain and suffering as well as lost wages and benefits. It is up to individual employees to decide whether they will follow their doctor's orders if it is contrary to the recommendation of the physician who conducted the fitness for duty exam required by Defendant (and allowed by the collective bargaining agreement) regarding an employee's work capacity and limitations. If the employee refuses to work on his doctor's orders and is disciplined, such employee can be made whole by the arbitrator if it is determined that Defendant's conduct violated the agreement. Similarly, if an employee decides to follow Defendant's determination regarding such employee's ability to work pending resolution of his grievance and is injured or becomes ill, appropriate monetary relief can be awarded if Defendant's conduct is found to have violated the agreement. The fact that an arbitrator cannot take back an illness or injury that may occur in a few instances does not render the arbitration process a hollow formality. Ultimately, it is up to each individual employee to decide whether he should follow his own physician's orders or the determination of Defendant based on the fitness for duty exam pending resolution of the grievance/arbitration process.

The Court will not insert itself into this labor dispute and enjoin Defendant from, among other things, exercising its bargained for contractual right to require and act upon fitness for duty exams as permitted by the contracts between the parties. Such an injunction would eliminate the procedure, agreed upon by the parties in their agreements, by which Defendant evaluates employee claims of illness and injury and gives

employees' physicians the power to control which employees will work and in what capacity. Without the bargained for fitness for duty exam procedure, Defendant would be required to accept any opinion and recommendation of any physician report obtained by an employee. For example, an employee could submit a medical report stating that such employee had a lower back condition and associated pain which precluded the employee from lifting any weight, standing or sitting for long periods of time, or from working in a bright or noisy location which would aggravate the employee's pain. The Defendant would then be forced to find some work assignment which would accommodate the employee's alleged condition without allowing the Defendant an opportunity to obtain a second opinion on the employee's medical condition and resulting limitations. Imagine the logistical problems that Defendant would encounter if a significant portion of its employees submitted such medical reports. It is not surprising that Defendant sought and obtained a fitness for duty examination procedure during contract negotiations.

Thus, the injunction sought by Plaintiffs would have the effect of voiding a significant portion of the collective bargaining agreements between the parties even though the agreements were negotiated and accepted by all parties. Such an injunction would hinder rather than aid the arbitration process. The proper forum to affect changes of the magnitude sought by Plaintiff in the collective bargaining agreements is in the contract negotiation process, not in this Court. The *Boys Markets* exception is inapplicable under the facts in this case because the injunction sought by Plaintiffs would not aid the arbitration process and Defendant's conduct has not impaired the arbitration process. Accordingly, the Court lacks subject matter jurisdiction to enter an injunction in this labor dispute under the Norris–LaGuardia Act.

### Conclusion

For the reasons stated herein, Defendant's Motion to Dismiss Amended Complaint for Lack of Subject Matter Jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) (Document # 20) is GRANTED. Defendant's first Motion to Dismiss (Document # 8) is denied as moot.

IT IS SO ORDERED.

### JUDGMENT ENTRY

Pursuant to a Memorandum of Opinion and Order of this Court, Defendant's Motion to Dismiss the Amended Complaint for Lack of Subject Matter Jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) (Document # 20) is GRANTED. Defendant's Motion to Dismiss the Complaint (Document # 8) is denied as moot. Plaintiffs' Amended Complaint is DISMISSED, costs to plaintiffs.

IT IS SO ORDERED.