**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Stephanie HILL, Defendant–Appellant.**

No. 00–6558.

United States Court of Appeals, Sixth Circuit.

Jan. 13, 2003.

Before KEITH, KRUPANSKY, and CLAY, Circuit Judges.

KRUPANSKY, Circuit Judge.

The defendant-appellant Stephanie Hill ("Hill" or "the defendant") has contested her mandatory-minimum ten-year prison sentence which followed her guilty-plea conviction for trafficking cocaine base (or "crack") matched with her prior narcotics felony conviction. *See* 21 U.S.C. § 841(b)(1)(B) (compelling a minimum ten-year term of incarceration for a previously-convicted narcotics felon whose subject crime of conviction involved distribution of at least five grams of cocaine base). The defendant had pleaded guilty to one count of conspiracy to distribute, and to possess with intent to distribute, an unspecified amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. However, a written Stipulation of Facts signed by the defendant and her counsel in support of her guilty plea ("the Stipulation"), recited, among other things, that Hill had transacted between 35 and 50 kilograms of cocaine base. Accordingly, that amount of crack cocaine was chargeable against Hill for statutory sentencing purposes. *See, e.g., United States v. Garcia,* 252 F.3d 838, 843 (6th Cir.2001) (affirming a sentence, based on a drug quantity stipulated by the defendant, which exceeded the maximum sentence allowable under the least severe statutory category for the crime of conviction, despite the absence of any quantity allegation in the indictment). The crack quantity admitted by Hill, coupled with her prior felony narcotics conviction which had been properly found by the trial judge as a sentencing factor (see note 2 below), produced a statutory sentencing range under § 841(b)(1)(B) of ten years to life.

The factual basis for Hill's guilty plea was encapsulated in the Stipulation:

> Beginning on August 6, 1998, and continuing up through May 3, 1999, the defendant was responsible, along with her codefendants, for the distribution of crack cocaine to the [government] informant. Specifically, the informant would contact the defendant at her residence to order a quantity of crack cocaine, either over the telephone or in person. The telephone conversations made in this case were tape recorded by law enforcement authorities. The defendant or her associates would then give the informant a location to meet for delivery of the crack cocaine. Thereafter, the defendant met the informant on multiple occasions and delivered the crack cocaine to the informant.

The Stipulation further related that, during the relevant period, Hill had participated in at least eighteen specifically identified drug deals. Additionally, the Stipulation posited that Hill had acted as "an organizer, leader, manager, or supervisor of the criminal activity in this offense."

On appeal, Hill has asserted two assignments of error, both of which she had

procedurally defaulted, by silence, before the district court.[1] Her unpreserved contentions are: (1) that the statutory scheme under which she was convicted and sentenced, namely 21 U.S.C. § 841, is unconstitutional by virtue of the Supreme Court's dictates in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000);[2] and (2) that the sentencing court erroneously added a two-point enhancement to her Guidelines offense level for possession of a firearm in connection with her drug crime of conviction.

An appellate court bears a *sua sponte* duty to ensure that subject matter jurisdiction is proper; the jurisdictional issue may be addressed at any stage of the proceeding. *See Kroll v. United States,* 58 F.3d 1087, 1090 (6th Cir.1995) *(per curiam).* Following its review of the trial court record, this reviewing court has determined that it lacks subject matter jurisdiction over the instant contest, and hence is unable to rule on its merits. *Rogers v. Stratton Indus., Inc.,* 798 F.2d 913, 917 (6th Cir.1986).

▮ The district court had journalized its final judgment against Hill on October 24, 2000. The defendant noticed her appeal from that judgment thirteen days later, on Monday, November 6, 2000. How-

ever, the final appeal deadline had passed on Friday, November 3, 2000, the tenth day following the trial court's judgment, and therefore Hill's appeal was fatally tardy. *See* Fed. R.App. P. 4(b)(1)(A); 26(a). This court has resolved:

> The failure of appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed. R.App. P. 4(a) [controlling the appeal deadline in civil cases] is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. *Baker v. Raulie,* 879 F.2d 1396, 1398 (6th Cir.1989) *(per curiam).* Fed. R.App. P. 26(b) specifically provides that this court may not enlarge the time for filing a notice of appeal. It is ordered that the appeal is dismissed for lack of jurisdiction.

*Rhoden v. Campbell,* 153 F.3d 773, 774 (6th Cir.1998) *(per curiam), cert. denied,* 526 U.S. 1007, 119 S.Ct. 1147, 143 L.Ed.2d 213 (1999).

Therefore, the defendant's instant appeal is dismissed with prejudice for lack of subject matter jurisdiction.

---

1. An argument or claim forfeited by a litigant, by neglecting to timely assert it before the trial court, may nonetheless be examined by a reviewing court if the trial court's failure to notice it constituted "plain error" under the law as it exists at the time of appellate scrutiny. *United States v. Page,* 232 F.3d 536, 544 (6th Cir.2000), *cert. denied,* 532 U.S. 1056, 121 S.Ct. 2202, 149 L.Ed.2d 1032 (2001). "Under that [plain error] test, before an appellate court can correct an error not raised at trial, there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affects substantial rights.' If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error

seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Cotton,* 535 U.S. 625, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002). (Citations, quotations, and brackets omitted; bracketed material added).

2. The essence of the *Apprendi* mandate was that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).